### THE STATE *v.* TAYLOR.

NUISANCE.—INFORMATION.—An information for a nuisance, charging the defendant with urinating in a spring of water, near a public highway, from which many persons in the vicinity, and travelers on the highway, were accustomed to drink, thereby rendering the water of the spring unfit for use, &c., was held to be good.

APPEAL from the *Brown* Common Pleas.

RAY, J.—The information charged the defendant with urinating in a spring of water near a public highway, out of which many persons in the vicinity, and travelers along the road, were accustomed to use water, thereby rendering the spring unfit for use, and indecent, and to the obstruction of the free use of the water thereof by the citizens of the State. The information was quashed, on the ground that it did not charge a public offense.

Our statute, perhaps, gives as accurate a definition of the term nuisance, as understood at common law, as can be found elsewhere: "Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property." 2 G. & H., § 628, p. 288. If the injury were limited to an individual, it gave a private right of action; if it affected the public, it was the subject of a public prosecution. That the present information is within the common law definition is, we think, recognized in *Sloan* v. *The State*, 8 Ind. 312. The motion to quash should have been overruled.

The judgment is reversed.

*D. E. Williamson*, Attorney General, for the State.