McCann and wife vs. Strang.

*By the Court.*— Appeal dismissed.

McCann and wife, Appellants, vs. Strang, Respondent.

*October 28 — November 16, 1897.*

*Nuisance, what constitutes.*

1. In order to render an act or thing actionable as a nuisance, it must be such as to work some material injury to the party complaining. The test as to whether a noisy trade is a nuisance in a particular locality and to a particular person is, Will it be likely to be physically annoying to a person of ordinary sensibilities, or is it carried on at such unreasonable hours as to disturb the repose of people dwelling within its sphere?

McCann and wife vs. Strang.

2. An electric light plant which, although it makes a buzzing noise and is operated late into the night, does not cause any material discomfort or injury to a neighboring resident or any material damage to his property, will not be abated by the courts as a nuisance.

APPEAL from a judgment of the circuit court for Richland county: O. B. WYMAN, Judge.  *Affirmed.*

Action to enjoin the operation of an electric light plant upon the ground that it constituted a nuisance in that it was located so near lands owned and occupied by plaintiffs as a home, and was operated in such a way as to create so much noise from the motions of the machinery, and so much smoke from the burning of large quantities of soft coal to generate steam power, and so filled the air with noxious vapors, cinders, and soot, as to render such home, which was situated immediately across the street from such plant, unhealthful and practically uninhabitable with any comfort.  The location and operation of the electric light plant, and the ownership of property by plaintiffs, as alleged in the complaint, were admitted.  The disputed questions related wholly to whether the plant was so operated as to constitute a nuisance. On that subject the trial resulted in a finding, in substance, that plaintiffs' building upon the land described in the complaint was a wooden frame structure, used in part for a meat market and in part for a dwelling house for plaintiffs; that the electric plant was located in the manufacturing part of the city; that it was operated till 11 o'clock every night; that during such operation it made a buzzing noise that could be distinctly heard at plaintiffs' building, but that it did not constitute a source of injury to the health of, or any damage or inconvenience to, the plaintiffs by reason of smoke, sparks, soot, or cinders; that the noise produced was not of such a character as to constitute a nuisance, and that the plant was not a nuisance and should not be abated; that it was of no material injury to plaintiffs.  Numerous exceptions to these

findings of fact were filed by the plaintiffs. They appealed from the judgment rendered on the findings in defendant's favor.

For the appellants there was a brief signed by *Miner & Miner* and *F. W. Burnham*, and oral argument by *Burton Hanson*.

For the respondent there was a brief by *K. W. Eastland* and *L. H. Bancroft*, and oral argument by *Mr. Bancroft*.

MARSHALL, J. It is well settled that a lawful trade may, by reason of its being carried on at unusual hours or in close proximity to a dwelling house, by reason of noise and other incidents of it, constitute a nuisance and be subject to be abated as such by a court of equity at the suit of the owner of such dwelling house. The real test, it is said, whether a noisy trade is a nuisance in a particular locality and to a particular person in the enjoyment of his property, is whether it is of such a character as would be likely to be physically annoying to a person of ordinary sensibilities, or whether it is carried on at such unreasonable hours as to disturb the repose of people dwelling within its sphere. Wood, Nuisances, § 617. No definite rule can be given to govern all cases. Each must depend upon the particular circumstances which characterize it. No more definite rule, applicable to cases of this kind, can be given, than that the noise and other incidents of the business must be such as would be likely to cause some actual, material, physical discomfort to a person of ordinary sensibilities, so circumstanced as the complaining party. The nature of the trade, the kind of noise, the location, and all of the attending circumstances must be taken into consideration. *Stadler v. Grieben*, 61 Wis. 500; *Janesville v. Carpenter*, 77 Wis. 288; *Price v. Oakfield Highland Creamery Co.* 87 Wis. 536; *Middlestadt v. Waupaca Starch & Potato Co.* 93 Wis. 4. In the latter case this court quoted with approval, and applied, the rule as stated in substance

in Wood, Nuisances, § 1, thus: Every unlawful use by a person of his own property in such a way as to cause an injury to the property or rights of another, and producing material annoyance, inconvenience, discomfort, or hurt, and every enjoyment by one of his own property, which violates the rights of another in an essential degree, constitutes an actionable nuisance. To the same effect are *Pennoyer v. Allen,* 56 Wis. 502; *Baltimore & P. R. Co. v. Fifth Baptist Church,* 108 U. S. 317; *Appeal of Pennsylvania Lead Co.* 96 Pa. St. 116; and *Davis v. Sawyer,* 133 Mass. 289. The rule that an act must be such as to work some material injury in order to render it actionable as a nuisance is far more rigidly enforced in equity than at law.

Applying the foregoing to the instant case, the conclusions of law upon which the judgment appealed from rests, followed necessarily from the facts found to the effect that the acts complained of did not cause any material discomfort or injury to plaintiffs, or any material damage to the property described in the complaint, as a home for them. Such findings of fact were made on conflicting evidence, and, as we are unable to say that they are contrary to the clear preponderance of the evidence, we cannot disturb them on this appeal.

*By the Court.*— The judgment of the circuit court is affirmed.