## ACME FERTILIZER COMPANY v. THE STATE.

### [No. 5,144.   Filed January 3, 1905.]

1. NUISANCE.—*Public.—What is.*—Whatever is an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life and property by an entire community or neighborhood or any considerable number of persons, is a public nuisance.   p. 348.

2. SAME.—*Public or Private.—What is.*—Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and if the injury be to an individual it is a private nuisance, and if it affect the public, it constitutes a public nuisance.   p. 348.

3. SAME. — *Public and Private. — What is.* — There are many nuisances which injure many persons or all of the public, and at the same time produce a special or individual injury to private rights, and in such cases the offender is liable to prosecution by the State and to be sued by individuals for damages to them in particular.   p. 349.

4. SAME.—*Indictment.—Sufficiency.*—An indictment charging that defendant "did unlawfully erect, continue, use and maintain a public nuisance, to the injury of many of the citizens of the State of Indiana, by erecting and maintaining near the dwelling-houses and homes of divers citizens of said county, and did wrongfully and unlawfully suffer to escape from said building, into the open air, divers noisome, offensive, unwholesome and poisonous smells, so that the air for a great distance * * * was thereby impregnated with said smells, and rendered noisome * * * and injurious to the health, comfort and property of many citizens of the State of Indiana residing in the neighborhood of said building," is good on motion to quash as against the objection that it fails to show that the public was affected, and as against the objection that there is no charge that such building was erected, continued, used or maintained for the exercise of any trade, employment or business.   p. 350.

5. TRIAL.—*Burden of Proof.*—*Corporate Existence.*—*Allegation of in Indictment.*—In a criminal charge against a corporation, the State has the burden of proving that defendant is a corporation, since such allegation in an indictment is a part of the description of the offense.    p. 351.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Prosecution by the State of Indiana against the Acme Fertilizer Company for maintaining a public nuisance. From a judgment of guilty and assessing a fine of $100, the defendant appeals. *Affirmed.*

*Lucius C. Embree* and *Luther Benson,* for appellant.

*C. W. Miller,* Attorney-General, *C. C. Hadley, L. G. Rothschild* and *Wm. C. Geake,* for the State.

ROBY, J.—This is an appeal from a judgment of the Gibson Circuit Court imposing a fine of $100 and the costs of the suit upon the appellant for maintaining a nuisance in the operation of a factory for the manufacture of products of merchandise from the bodies of dead animals. The prosecution was upon affidavit and information. The information was in three counts. Motions to quash were sustained as to the first count, and overruled as to the second and third. The appellant was found guilty upon the third count.

The first question for decision arises upon the action of the court in overruling the motion to quash the third count. So far as essential to the decision it was as follows: "That the Acme Fertilizer Company, a corporation, on the 10th day of February, 1903, and at divers other times since said day, at Gibson county, State of Indiana, did unlawfully erect, continue, use and maintain a public nuisance, to the injury of many of the citizens of the State of Indiana, by erecting and maintaining near the dwelling-houses and homes of divers citizens of said county a building known as the Acme Fertilizer Plant, situate on the following described real estate in Gibson county, in the State of Indi-

ana, to wit: [specific description omitted], in and about which building the said Acme Fertilizer Company did manufacture products from the bodies of dead animals, and at the same times and place aforesaid the said Acme Fertilizer Company did carry on, and cause and procure to be carried on, the business of manufacturing products from the bodies of dead animals then and there by it collected, and did then and there and thereby wrongfully and unlawfully create and suffer to escape from said building, into the open air, divers noisome, offensive, unwholesome and poisonous smells, so that the air for a great distance in every direction about said building was thereby impregnated with said smells, and rendered noisome, offensive, unwholesome and noxious, and injurious to the health, comfort and property of many of the citizens of the State of Indiana residing in the neighborhood of said building, and where the air was so impregnated with said smells as aforesaid."

1.    If the acts charged amount to a public nuisance, the information was sufficient.   "Anything which is 'an obstruction to the free use of property so as to interfere with the comfortable enjoyment of life and property by an entire community or neighborhood, or any considerable number of persons,' is a public nuisance."   *State* v. *Ohio Oil Co.* (1898), 150 Ind. 21, 37, 47 L. R. A. 627.   "A nuisance is literally an annoyance, and signifies in law such a use of property or such a course of conduct as, irrespective of actual trespass against others or of malicious or actual criminal intent, transgresses the just restrictions upon use or conduct which the proximity of other persons or property in civilized communities imposes upon what would otherwise be rightful freedom."   21 Am. and Eng. Ency. Law (2d ed.), p. 682.

2.    "Our statute, perhaps, gives as accurate a definition of the term nuisance, as understood at common law, as can be found elsewhere: 'Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the

free use of property, so as essentially to interfere with the comfortable enjoyment of life or property.' 2 G. & H. §628, p. 288. [§290 Burns 1901, §289 R. S. 1881.] If the injury were limited to an individual, it gave a private right of action; if it affected the public, it was the subject of a public prosecution." *State* v. *Taylor* (1868), 29 Ind. 517. "Every person who shall erect, or continue and maintain, any public nuisance, to the injury of any part of the citzens of this State, shall be fined not exceeding $100." §2153 Burns 1901, §2065 R. S. 1881. "Corporations may be prosecuted by indictment or information, for erecting, continuing or maintaining a public nuisance." §1970 Burns 1901, §1897 R. S. 1881; *State* v. *Sullivan County, etc., Soc.* (1896), 14 Ind. App. 369; *Paragon Paper Co.* v. *State* (1898), 19 Ind. App. 314.

3. A standard text-writer, after defining public nuisances strictly as those resulting from the violation of public rights, and producing no special injury to one more than another of the people, and private nuisances as injuries resulting from the violation of private rights, producing damages to but one or a few persons, as in the building of a house with the eaves projecting over the land of another, says: "There is a class of acts which may properly be denominated mixed nuisances, being both public and private in their effects; public in that they produce injury to many persons or all the public; and private because at the same time they produce a special and particular injury to private rights, which subjects the wrongdoer to indictment by the public and to damages at the suit of persons injured. Of this class are * * * establishments which, by reason of the nature of the business carried on, produce such noxious smells and vapors as to annoy the whole community, and at the same time are a special injury to those residing or doing business in their immediate vicinity, by rendering their houses untenantable, or their enjoyment so uncomfortable that they sustain a special and particular damage apart

from and beyond the rest of the public." Wood, Nuisances (3d ed.), §§14-16; *Kinney* v. *Koopman* (1896), 116 Ala. 310, 22 South. 593, 37 L. R. A. 497, 67 Am. St. 119.

Appellant's contention is that there are no facts stated in the information showing other than individual injury to natural persons in respect to their private enjoyment of their homes and property; that any one of such persons could have maintained a civil action, but that no injury to anyone in his capacity as a part of the public is shown. If the nuisance charged is a mixed one, as above defined, the right to maintain a private action would depend upon proof of a special injury different in kind from, and additional to, that suffered by the general public. *Sohn* v. *Cambern* (1886), 106 Ind. 302.

4. The charge is that appellant "did unlawfully erect, continue, use and maintain a public nuisance, to the injury of many of the citizens of the State of Indiana, by erecting and maintaining near the dwelling-houses and homes of divers citizens of said county * * * and did * * * wrongfully and unlawfully create and suffer to escape from said building, into the open air, divers noisome, offensive, unwholesome and poisonous smells, so that the air for a great distance * * * was thereby impregnated with said smells, and rendered noisome * * * and injurious to the health, comfort and property of many citizens of the State of Indiana residing in the neighborhood of said building." The facts thus stated are sufficient to show that the public was affected by the acts complained of. *Dennis* v. *State* (1883), 91 Ind. 291; *State* v. *Ohio Oil Co.* (1898), 150 Ind. 21-37, 47 L. R. A. 627; *State* v. *Weil* (1883), 89 Ind. 286.

It is contended that §2154 Burns 1901, §2026 R. S. 1881, defines the form of a public nuisance that arises in the maintenance of any building for the exercise of any trade, employment or business, which, by occasioning noxious exhalations or noisome and offensive smells, becomes

injurious to the health, comfort or property of individuals or the public; that the definition includes every element necessary to create a nuisance at common law, and specifically adds elements not necessary at common law; and that a prosecution for a nuisance thus created will not lie, except under §2154, *supra*.

The objection to the information—assuming that the offense is defined by §2154, *supra*—is that there is no averment that the building was erected, continued, used or maintained for the exercise of any trade, employment or business, and that such averment is an essential element of the definition given in §2154, *supra*. The information is not subject to the criticism. To charge the erection and maintenance of a building for the manufacture of products from the bodies of dead animals, and the carrying on of the business of manufacturing products from the bodies of dead animals, is sufficient to show that such building was used or maintained "for the exercise of any trade, employment or business." An expression contained in the brief filed on behalf of the State, which is relied upon as admitting the insufficiency of the indictment under §2154, *supra,* was evidently made through inadvertence. If the offense charged in the information under consideration is not within the definition contained in §2154, *supra*, the sufficiency of the facts stated to constitute a nuisance must be determined by a reference to the definition of that term, which, as has been before stated, is not substantially different at common law from the definition contained in the civil code. Thus measured, the facts stated are sufficient to constitute a nuisance. Therefore, there was no error in overruling the motion to quash the third count of the information.

5. The burden was on the State to prove that the defendant was a corporation. §1970 Burns 1901, §1897 R. S. 1881. The allegation that appellant was a corporation was a part of the description of the offense. *Paragon Paper Co.* v. *State* (1898), 19 Ind. App. 314. There was

Board, etc., v. Bline.

evidence from which the inference that appellant was a duly organized corporation was deducible.

The argument made as to the sufficiency of the evidence to support the finding generally, and as to the admissibility of the testimony, is ineffective, in view of the construction given to the information herein.

Judgment affirmed.

Comstock, C. J., concurs in the result, but dissents from any expression in the opinion which would seem to recognize common law offenses in this State.