## CITY OF CANNELTON *v.* BUSH.

[No. 7,233. Filed March 31, 1910.]

1. NUISANCE.—*Open Sewers.—Cities.—Complaint.—*A paragraph of complaint alleging that defendant city maintained an open ditch into which it discharged sewage, that such ditch was in the rear of plaintiff's lot and that offensive odors arose therefrom, to plaintiff's damage, is sufficient, though it fails to allege that it was defendant's duty to keep such ditch clean. p. 640.

2. NUISANCE.—*Definition.*—"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property," is a nuisance (§291 Burns 1908, §289 R. S. 1881). p. 641.

3. NUISANCE.—*Action.—Parties.*—Any person whose property is injuriously affected, or whose personal enjoyment is lessened, by a nuisance, may maintain an action therefor. p. 641.

4. NUISANCE.—*Sewers.—Complaint.*—A paragraph of complaint alleging that defendant city discharged sewage into an open ditch at the rear of plaintiff's lots, rendering them less desirable for building purposes, and worthless for garden purposes, to plaintiff's damage in the sum of $500, is sufficient. p. 641.

5. NUISANCE.—*Sewers.—Injury to Lots.—Complaint.*—A paragraph of complaint alleging that defendant city discharged sewage into an open ditch at the rear of plaintiff's lots, rendering them less desirable for building and garden purposes, and that plaintiff purchased one of such lots on the day of the filing of the action, is sufficient, since the other lots were alleged to be damaged. p. 641.

6. APPEAL.—*Errors Relied Upon.—Waiver.*—Where appellant relies upon errors in the complaint for a reversal, an alleged error in the overruling of the motion for a new trial may be regarded as waived. p. 642.

From Perry Circuit Court; *C. W. Cook,* Judge.

Action by Stella Bush against the City of Cannelton. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John W. Ewing* and *William M. Waldschmidt,* for appellant.

*W. A. Land,* for appellee.

COMSTOCK, J.—Action to abate a nuisance and for damages for its maintenance. The complaint consisted of three paragraphs, to each of which a demurrer for want of facts was overruled. The cause was put at issue, and upon trial by jury a verdict was returned in favor of appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict that appellee recover damages in the sum of $25, that the nuisance described in the complaint be abated, and that appellant be forever enjoined from maintaining such nuisance on said premises.

The errors assigned challenge the sufficiency of each paragraph of the complaint. In each paragraph it is alleged that defendant is a corporation, incorporated under the laws of the State of Indiana, and that plaintiff is the owner of parts of lots No. 156 and No. 157 in block No. 6 in said city. The alleged nuisance complained of in the first paragraph is that defendant built and constructed a certain sewer in said city which empties into a ditch at or near the corner of Fourth and Adams streets; that said ditch is immediately in the rear of plaintiff's dwelling situated on the real estate described in her complaint; that defendant has carelessly, negligently and wrongfully allowed said ditch to clog and fill up with the filth carried through said sewer and into said ditch, thereby causing offensive odors to arise therefrom, to the great annoyance, vexation, pain and suffering of plaintiff and the members of her family, and to her damage in the sum of $1,000.

The alleged nuisance charged in the second paragraph is that defendant does now maintain, and for many years last past has maintained, an open ditch and sewer, which said ditch and sewer passes through and upon the lots of plaintiff; that said sewer and ditch is a part of the sewerage sys-

tem of defendant; that into said open ditch and sewer and upon the plaintiff's lot is emptied the contents of the underground sewers of said defendant; that foul and offensive matter throughout said city is emptied into said open ditch and sewer and upon plaintiff's lot; that said lots would be desirable for building purposes were it not for the matters and things before alleged; that during the heavy rains said ditch and sewer overflows and carries the filth and offensive matter out of said ditch and sewer and upon plaintiff's lots, and renders them worthless for garden purposes. Wherefore, plaintiff has been damaged in the sum of $500.

Said third paragraph further alleges that, in addition to the lots mentioned in the first and second paragraphs, plaintiff is the owner of lot No. 247 in block No. 9 and lots No. 59 and No. 155 in block No. 6 in said city of Cannelton; that plaintiff became the owner of said lot No. 155 on October 13, 1906; that defendant has constructed, and for many years past has maintained, and does now maintain a large sewer from which the defendant empties its sewage, refuse, deleterious, decayed and offensive matter into an open ditch, which ditch runs across plaintiff's lot and near the rear of her dwelling-house, and said city also keeps and maintains another sewer which leads from ——— street into said open ditch in said city; that said ditch and said sewers run across and in the rear of plaintiff's said lot, and carry the filth and sewage and foul and decayed matter and the bodies of dead animals which have been thrown into said sewer across and in the rear of plaintiff's said lot; that said lot No. 155, before described, is valuable for building purposes, but on account of said filth emptied into said open ditch it is rendered unfit for such building purposes, to plaintiff's damage, etc.

The objection made to the first paragraph of complaint is that it fails to allege that it is the duty of defendant to keep the ditch clean. Such allegation is unnecessary. It is the duty of a municipal corporation so to

maintain its drainage as to prevent injury to property or the owners thereof. It has no right to allow a ditch which it has constructed for the purpose of drainage upon the land and near the dwelling-house of a citizen to fill up and become clogged with offensive matter and sewage, to the annoyance and discomfort of the property owner.

"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable

2. enjoyment of life or property" is a nuisance. §291 Burns 1908, §289 R. S. 1881. "If the injury were limited to an individual, it gave a private right of action; if it affected the public, it was the subject of a public prosecution." *State* v. *Taylor* (1868), 29 Ind. 517. See, also, *Acme Fertilizer Co.* v. *State* (1905), 34 Ind. App. 346, 107 Am. St. 190. "Such action may be brought by any

3. person whose property is injuriously affected, or whose personal enjoyment is lessened by the nuisance." §292 Burns 1908, §290 R. S. 1881.

Objection is pointed out to said second paragraph, that it does not show that appellee had a dwelling or lived upon the lots upon which the sewage is emptied; in short,

4. that it is not shown that appellee is injured. It is alleged that said sewage emptied into said open ditch renders said lots less desirable for building purposes, that the overflow from said ditch carries the filth and offensive matter upon the plaintiff's lots, and renders them worthless for garden purposes. There are facts averred in said paragraph from which there could only be drawn the inference that appellee has been damaged in the sum of $500.

The objection to the third paragraph is that it appears that lot No. 155 was purchased on the day the suit was filed, and the damage, if any, therefore accrued to the

5. previous owner of the lot. By reference to that paragraph it appears that there were several lots or parts

thereof described as damaged. As to which particular one suffered most does not appear.

Appellant's motion for a new trial was overruled, and the evidence is made a part of the record, but the action of the court on said motion is not assigned as error. One of the reasons set out in said motion was that the verdict was not sustained by sufficient evidence. The fact that appellant in this appeal relied upon an alleged error of pleading, fairly warrants the conclusion that upon the merits of the cause appellant's counsel were of the opinion that the cause was fairly tried and a correct conclusion reached.

Judgment affirmed.