WAHRER, Appellant, vs. ALDRICH, Respondent.

*April 16—May 4, 1915.*

*Nuisances: Roller skating rink: Injunction.*

1. Where the operation of a roller skating rink, though involving considerable noise, is not physically annoying to persons of ordinary sensibilities, it is not a nuisance and the courts should not interfere therewith by injunction.

2. Where such a rink is located near the business center of a city, the rule applicable to one situated in a strictly residence district cannot be applied.

APPEAL from a judgment of the circuit court for Waukesha county: MARTIN L. LUECK, Circuit Judge. *Affirmed.*

Action for damages and for a permanent injunction restraining the defendant, who operated a roller skating rink opposite plaintiff's hotel, from causing or permitting noises usually attendant upon the operation of the rink. As facts the court found:

(1) "That plaintiff is, and was at the times alleged in said complaint, the proprietor and manager of the Hotel Waukesha, a commercial hotel situated on the corner of Main street and Gaspar street in the city of Waukesha, Wisconsin, under a written lease and contract to purchase said property; that both of said streets are paved with a vitrified brick pavement, and said hotel is one block from 'Five Points,' the business center of said city.

(2) "That the defendant, during the summer of 1913, conducted and operated a roller skating rink nearly opposite the hotel of the plaintiff and on the northerly side of said Main street, beginning on the 7th day of June, 1913, and continuing until the 8th day of September, 1913, when he was restrained by a temporary injunctional order issued in this action.

(3) "That defendant used, in connection with the actual operation of said roller skating rink, a mechanically-operated organ, and the plaintiff also had in the dining room of said hotel a mechanically-operated instrument that produced music of somewhat the same general character as the instrument of the defendant, but not so loud or shrill as that produced in the rink of the defendant, and was started by dropping a coin, or metal slug, in a slot connected with said instrument.

(4) "That the instrument in the hotel of the plaintiff was frequently played by those visiting the hotel, the plaintiff ordering the playing of said instrument to be discontinued at 10 o'clock in the evening, and his orders in this respect were generally heeded.

(5) "That the roller skating rink of the defendant, together with the organ operated in connection therewith, was open and operated up to 10:30 o'clock, and sometimes later, on the evening of each day of the week, except Sunday, and on Tuesdays and Saturdays the said rink was open until 11 o'clock in the evening and sometimes as late as 11:30.

(6) "That the hotel of the plaintiff is a three-story building, the walls of which are constructed of cut quarry limestone, and has a saloon business run in connection with it, from which drinks were furnished and served in the dining room of said hotel until 12·o'clock at night.

(7) "That the dimensions of the roller skating rink operated by the defendant is 75 feet wide and 150 feet long, with a hardwood floor laid in sections, covered over with a heavy canvas, and was an orderly and well-managed place for physical exercise and amusement, good order being always maintained, and boisterous and disorderly conduct was not allowed.

(8) "That the operation of said roller skating rink during reasonable hours, as conducted by the defendant, was not physically annoying to the plaintiff, or to any other person or persons of ordinary sensibilities, living in or resorting at said hotel; but that it was an unreasonable use of his property for the defendant to operate the rink beyond the hour of 10 o'clock at night.

(9) "That the immediate neighborhood in which said roller rink was operated is thickly populated, and that the operation of said rink as conducted by the defendant was not physically annoying to any of the permanent residents of ordinary sensibilities in the neighborhood; and that the homes of nearly all of the permanent residents in the neighborhood are so situated that the noise and music emanating from said rink would have the same or similar effect upon the persons in said homes as it would have on persons in the hotel of the plaintiff."

As conclusions of law the court found:

(1) "That the roller skating rink of the defendant, as operated and conducted by him on Main street in said city of Waukesha in the summer of 1913, was not and did not constitute a public nuisance.

(2) "That the operation of said roller skating rink by the defendant in the summer of 1913 was not and did not constitute a nuisance to the plaintiff or to his business and property, but that it was an unreasonable use of his property by the defendant to operate the rink later than 10 o'clock at night.

(3) "That the plaintiff is not entitled to a permanent injunction absolutely enjoining the defendant from the operation of said roller skating rink opposite his place of business on Main street in the said city of Waukesha, but that he is entitled to a judgment enjoining the operation of said skating rink after the hour of 10 o'clock at night and enjoining the practice of shooting blank cartridges in starting races.

(4) "That if it shall be finally decided, upon the appeal from the findings and judgment to be filed and entered in this action, that the plaintiff is not entitled to the injunction and relief prayed for in his complaint, or the plaintiff has failed to take and perfect his appeal, then the defendant, upon application to the court, shall be entitled to have the damages, if any, he may have sustained by reason of the temporary injunction issued at the instance of the plaintiff herein, ascertained by a referee or otherwise, as the court shall direct and determine, and as otherwise provided by the statutes in such cases and under the rules and practices of the court.

(5) "That the judgment in this action will be entered without cost to either party, except that the defendant shall pay the fees of the clerk of this court."

From a judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *C. E. Armin,* attorney, and a supplemental brief by *J. F. Baker,* of counsel, and oral argument by *Mr. Armin* and *Mr. F. W. Hall.* They cited *Snyder v. Cabell,* 29 W. Va. 48, 1 S. E. 241; 6 Lawson, Rights, R. & P. §§ 3002, 3007; *Walker v. Brewster,* 17 Law Times, 135; *Pennoyer v. Allen,* 56 Wis. 502, 14 N. W. 609; *Stadler v. Grieben,* 61 Wis. 500, 21 N. W. 629; *Middlestadt v. Waupaca S. & P. Co.* 93 Wis. 1, 66 N. W. 713; *Tiede v. Schneidt,* 105 Wis. 470, 81 N. W. 826; *Price v. Oakfield H. C. Co.* 87 Wis. 536, 540, 58 N. W. 1039; *Wickham v. C. & N. W. R. Co.* 95 Wis. 23, 69 N. W. 982; *Hildman v. Phillips,* 106 Wis. 611, 82 N. W. 566.

For the respondent there was a brief by *E. D. Walsh,* attorney, and *Henry Lockney,* of counsel, and oral argument

by *Mr. Walsh.*    They cited *McCann v. Strang,* 97 Wis. 551,
72 N. W. 1117; *Johnson v. Philadelphia,* 94 Miss. 34, 47
South. 526.

VINJE, J.   The plaintiff claims that the ninth finding of
fact to the effect that the operation of the rink, as conducted
by the defendant, was not physically annoying to any of the
permanent residents of ordinary sensibilities in the neighbor-
hood, is not sustained by the evidence.   He further claims
that upon the facts found by the court he was entitled to a
permanent injunction as prayed for.

As would be expected in a case of this kind there is a wide
range in the testimony regarding the volume of noise made
by the rink.   Some described it as very loud and annoying
and others as nothing out of the ordinary.   All practically
agreed that the noise made by the skating was that of a
rather loud rumbling noise—much like that of a train pass-
ing over a bridge.   Some found the music pleasant, some un-
pleasant, and upon others it seemed to have made no particu-
lar impression.   There was medical testimony to the effect
that the noise was not of a kind to physically annoy persons
of ordinary sensibilities.   Such rinks are common enough so
that the testimony of each witness can, to some extent at least,
be gauged by experience and observation.   Upon the whole
we think the trial court found the facts substantially as they
existed—certainly his findings cannot be set aside as not sup-
ported by the evidence.

Do the facts found sustain the judgment?   In *McCann v.
Strang,* 97 Wis. 551, 72 N. W. 1117, the general rule govern-
ing cases of this kind is stated to be that courts will not abate
a lawful business as a nuisance on the ground of noise alone,
unless the noise and other incidents thereof are such as would
be likely to cause some "actual, material, physical discomfort
to a person of ordinary sensibilities, so circumstanced as the
complaining party."   It is therein further stated that "the

nature of the trade, the kind of noise, the location, and all the attending circumstances must be taken into consideration." The standard for measuring the nuisance qualities of the noise is its effect upon a person of ordinary sensibilities. It is to be gauged neither by a neurotic nor a phlegmatic temperament. To constitute a nuisance it must be physically annoying—it is not sufficient that it offend mere taste or what is ideally desirable. An actual effect of discomfort must be produced by it upon the average nervous organization before courts will interfere. *Price v. Grantz,* 118 Pa. St. 402, 11 · Atl. 794; *Powell v. Bentley & G. F. Co.* 34 W. Va. 804, 12 S. E. 1085, 12 L. R. A. 53; note to *Acme F. Co. v. Stale* (34 Ind. App. 346, 72 N. E. 1037) 107 Am. St. Rep. 195 *et seq.;* 2 Wood, Nuisances (3d ed.) § 617; Joyce, Nuisances, § 183.

The business of the defendant was a lawful one. It was located within one block of the business center of the city of Waukesha. The court restrained its operation after 10 o'clock at night and forbade the firing of pistols for starting. No complaint can be made on the ground that it is permitted to operate at unreasonable hours, so as to disturb the sleep of any one during the usual hours of repose. Located as it is near the business center of the city, the rule applicable to one situated in a strictly residence portion thereof cannot be applied. The evidence establishes that considerable noise was incidental to plaintiff's own business. That is true of many a business located near or in residence sections, such as bowling alleys, dance halls, theaters, or other places of public amusement, stone-cutting works, planing mills, and the operation of most kinds of machinery. True, any of these may become a nuisance, but as ordinarily conducted they are not regarded as such. This world is full of noise, and city dwellers have to temper their enjoyment of it with more than the average amount. Upon the facts found and the test applicable thereto the circuit court reached the right result.

*By the Court.*—Judgment affirmed.