WASILEWSKI, Appellant, vs. BIEDRZYCKI, Respondent.

*March 7—June 5, 1923.*

*Nuisance: Garage in business district: Abatement: Zoning ordinances: Amendment after building commenced: Validity: Delegation of legislative power.*

1. Where defendant's right to build a garage accrued under valid laws, the subsequent amendment of a city zoning ordinance, enacted after a permit to build was obtained from the building commissioner, could not affect his right.
2. The amendment to the ordinance leaving it to the judgment of property owners to say whether a garage should be built is, so far as relied on in this case, void as an unlawful delegation of legislative power.
3. A garage in a local business district of a city does not constitute a nuisance, and the erection of the building will not be enjoined unless it clearly appears that a nuisance will necessarily result.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to restrain the erection of a building to be used as a garage because it is alleged that as and where operated it will constitute a common-law nuisance. It is not alleged that it would violate any specific statute or ordinance of the city of Milwaukee.

The nature of the issues and disposition of the case by the trial court can best be presented by setting out the findings of fact made by the trial court and the conclusions of law thereon. They are as follows:

"That the plaintiff is the owner and proprietor of the White Eagle Hotel situated at the northeast corner of Maple street and Third avenue, known as 484 Maple street, in the city of Milwaukee, state of Wisconsin.

"That both of said streets are intersected by Windlake avenue, running diagonally in a northeasterly and southwesterly direction immediately south of plaintiff's hotel, and that the plaintiff's hotel is one block south of Mitchell street, the principal business thoroughfare on the South Side in the city of Milwaukee; that the plaintiff has owned said hotel for more than a year before the commencement of this action; that said hotel contained forty guest rooms, and that the streets contiguous to this hotel are used and frequented at all hours of the night and day for the passage of automobiles and vehicles of all kinds.

"That since 1912 a garage has been operated on the north one-half of the first floor of said White Eagle Hotel; that said garage business faces west on Third avenue and is entered by crossing the sidewalk, and is and has been conducted by the defendant for the purpose of repairing and storing automobiles; that said garage has been operated day and night; that since 1916 this garage has been and is now operated by this defendant; that no complaint has ever been made by the former owners or neighbors of said hotel until June, 1921, when the plaintiff and present owner served notice upon this defendant to vacate said premises as lessee of this plaintiff.

"That prior to the service of said notice of vacation of the present premises the defendant purchased the premises known as 482 Maple street immediately east of, adjacent and contiguous to, the premises of this plaintiff. That this

defendant removed from said premises a dwelling house which was located on the front part of said lot, before notice was given defendant to vacate his present tenancy, and broke ground for the purpose of erecting a public repair and storage garage pursuant to a building permit duly and lawfully issued by W. D. Harper, building commissioner of the city of Milwaukee, on April 26, 1921, and prior to the service of the notice to the defendant by the plaintiff to quit possession of the premises so occupied by the defendant as tenant of the plaintiff.

"That said proposed garage is to be 29 feet 8 inches by 77 feet with fire-proof side walls of the curtain type containing no apertures or openings; that there is to be a large double, 9 feet by 12 feet, door in the west end of the front wall, and also a 9 feet by 12 feet double door in the west end of the rear wall; that said doors will be used for the ingress and egress of automobiles, and that the automobiles will of necessity have to cross the sidewalk to get from the street into the said proposed garage.

"That at the front end of said building there is to be a second story, 29 feet 8 inches by 38 feet, with fire-proof side walls containing no apertures or openings.

"That there will be placed in the roof of said first floor to the rear of the second story two ventilators nine feet by nine feet, a sheet of iron wire glass type, allowed by the ordinances of the city of Milwaukee. That the west side of these ventilators will be approximately ten feet from the westerly boundary line of defendant's lot and within eleven or twelve feet east of the windows in the east wall of plaintiff's building.

"That the defendant proposes to place two gasoline tanks underneath the front part of said proposed garage in compliance with all of the lawful laws and ordinances relating thereto and in effect in the city of Milwaukee relating to these premises; and that a compliance therewith will not be a nuisance to the plaintiff and adjoining property owners.

"That the defendant proposes to place in such garage one fourteen-inch lathe, one drill press, one gear press, one air generator and tank, one two-horse-power motor to run said machinery, hammers, wrenches, and other small tools used in the repair of automobiles. That these machines will cause no annoying whir, buzz, noise, vibration, or concussion

audible or perceptible upon adjoining premises, and that the running of such machinery and the use of such tools will not physically annoy the plaintiff nor any other person or persons of ordinary sensibilities living in or resorting at said hotel, and will not be a nuisance to such adjoining premises.

"That in the operation of automobiles in said garage the usual carbon monoxide and carbon dioxide gases will be given off, and that the carbon monoxide will be largely ventilated through the ventilators and will be diffused with the outer air and will not travel in clouds into adjoining windows and rooms of plaintiff's hotel, and that the rooms in the hotel adjoining will not be rendered uninhabitable or untenantable, and that the greater part of the carbon dioxide gas will be ventilated through the doors by means of natural ventilation, and that such gases will be diffused with the outer air and rendered harmless to passers-by or adjoining premises, and such carbon dioxide gas, being heavier than air, will not rise and enter the windows of said plaintiff's hotel or other adjoining premises.

"That as proposed there will be a fire room under the northeast corner of the proposed first floor, with no openings leading into said garage, and that the only openings into the said fire room will lead into the back yard of said garage, all of which meets the requirements of the fire and garage ordinances in force in the city of Milwaukee.

"That the operation of public repair and storage garages in the city of Milwaukee as usually operated does not disturb the peace, quiet, tenantability, and habitability of adjoining premises, having in mind persons of ordinary sensibilities.

"That the present garage of this defendant is in the hotel building of this plaintiff, and that the proposed garage will be in an adjoining building with two walls intervening; and that great amounts of noise, fumes, odors, and dust are created by the passing and repassing of automobiles, wagons, and other vehicles upon the streets contiguous to plaintiff's hotel and the defendant's proposed garage.

"That the premises now owned and operated by this plaintiff at 484 Maple street is a business place consisting of a saloon, hotel, garage, and living quarters of said plaintiff, and that said premises have not been rendered unin-

habitable and untenantable by the operation of this defendant's present garage.

"That the premises upon which this proposed garage is to be located are in what is known as a 'local business district' under the zoning ordinances of the city of Milwaukee, and that a public garage can lawfully be erected in such district, and that such district is not a residence district under such zoning laws.

"That there are two lots east of this plaintiff, fronting upon Maple street, used for residence purposes; that the lot immediately north of plaintiff's and defendant's lot and across the alley from said lots is used for residence purposes. That Third avenue and Windlake avenue and Second avenue are great trunk highways and their junction is near to and adjoining the front of plaintiff's hotel and defendant's proposed garage. That the plaintiff's hotel and defendant's garage are one city block south of Mitchell street, one of the principal business thoroughfares on the South Side of the city of Milwaukee; that in the block in question there are twenty-two small residences and eleven buildings occupied as places of business."

### Conclusions of law.

"That the proposed garage of this defendant as proposed to be built at 482 Maple street in the city of Milwaukee will not constitute a nuisance in fact to adjoining property owners and tenants of ordinary sensibilities.

"That the operation of the present garage by this defendant was not, is not, did not and does not constitute a public or private nuisance to this plaintiff or other adjoining property owners and tenants.

"That the plaintiff is not entitled to any injunction enjoining this defendant from constructing, operating, and maintaining a public repair and storage garage at 482 Maple street in the city of Milwaukee, Wisconsin.

"That the temporary injunction issued in this cause be and is hereby dissolved.

"That the garage of this defendant as proposed to be built at 482 Maple street in the city of Milwaukee will, and does, comply with the zoning laws of the city of Milwaukee and is not a nuisance under said zoning laws.

"That if it shall be finally decided upon the appeal from the findings and judgment to be filed and entered in this action that the plaintiff is not entitled to the injunction and relief prayed for in his complaint, or the plaintiff has failed to take and perfect his appeal, then the defendant, upon application to the court, shall be entitled to have the damages, if any, he may have sustained by reason of the temporary injunction issued at the instance of the plaintiff herein, to be ascertained by a reference, or otherwise, as the court shall direct and determine, and as otherwise provided by the statutes in such cases and under the rules and practices of the court."

From a judgment entered accordingly the plaintiff appealed.

*Jacob S. Rothstein* and *Horace B. Walmsley,* both of Milwaukee, for the appellant.

For the respondent there was a brief by *Gilbert F. Lappley,* counsel, and oral argument by *Mr. Lappley* and *Mr. H. O. Wolfe,* both of Milwaukee.

The following opinion was filed April 3, 1923:

VINJE, C. J. Exceptions are taken to some of the findings of fact; but the findings are not seriously urged to be without any support in the evidence. It is claimed that the finding that the proposed garage is in a local business district is contrary to the evidence because of the amendment of the zoning ordinance enacted after defendant obtained his permit from the building commissioner, making the place a part of a residence district. We are of the opinion that the subsequent amendment cannot affect defendant's right to erect a building. Such right accrued under valid laws, and the building, but for this action, would probably have been in part, if not wholly, completed before the amendment became effective. Moreover, it is quite clear that under the authority of *State ex rel. Nehrbass v. Harper,* 162 Wis. 589, 156 N. W. 941, the amendment, so far as here relied upon, is void because it leaves it to the judgment of the property

owners to say whether or not a garage shall be built. That is an unlawful delegation of legislative power. So we conclude that the zoning ordinance does not affect the case, and we shall not pass upon a number of questions suggested as growing out of it.

A careful perusal of the evidence shows that the court's findings which control the case are well supported by the evidence. That being so, no restatement of the law of nuisances or the distinguishing of cases is necessary. It falls well within the established rule that a business such as this, and where this is to be carried on, does not constitute a nuisance. *McCann v. Strang,* 97 Wis. 551, 72 N. W. 1117; *Wahrer v. Aldrich,* 161 Wis. 36, 152 N. W. 456; *Clark v. Wambold,* 165 Wis. 70, 160 N. W. 1039. In *Cunningham v. Miller,* 178 Wis. 22, 189 N. W. 531, it was found in effect that the location of a funeral parlor in the particular residence district would injuriously affect persons of ordinary sensibilities. We have no such finding or situation here. When we add to this the fact that this is an action to restrain the erection of an alleged nuisance, and that in such a case as stated in *Wergin v. Voss,* 179 Wis. 603, 192 N. W. 51, a court of equity will act "only where it clearly appears that a nuisance will necessarily result from the contemplated act or thing which it is sought to enjoin," it becomes clear that the trial court correctly disposed of the case.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on June 5, 1923.