Ballstadt, Respondent, vs. Pagel, Appellant.

*October 16—November 11, 1930.*

486

488

For the appellant the cause was submitted on the brief of *E. D. Minahan* of Rhinelander.

*F. J. Smith* of Merrill, for the respondent.

ROSENBERRY, C. J. The first contention made here on behalf of the defendant is that the district in question is not a residential district. The facts with respect to this are so fully set out in the findings of the court that it is unnecessary to repeat them here. From the photographs, maps, and evidence offered upon the trial we conclude that the findings of the trial court are fully sustained both as to the character of the nuisance sought to be enjoined as well as the finding relating to the character of the district in which the property is situated.

We come, therefore, to a consideration of the only serious question in the case and that is whether or not the findings sustain the judgment. We had occasion in *Cunningham v. Miller*, 178 Wis. 22, 189 N. W. 531, to examine this question at considerable length, and we there reached the conclusion that a funeral parlor maintained under the conditions there stated in a residential section constitutes a nuisance and its operation as such might be enjoined.

This court has held that the erection and maintenance of a garage does not constitute a nuisance *per se. Wasilewski v. Biedrzycki,* 180 Wis. 633, 192 N. W. 989.

Whether or not it constitutes a nuisance depends upon the place where it is located, the business to be carried on, and the necessary incidents thereto. A careful perusal of the cases decided in other jurisdictions leads to the conclusion that each case must stand or fall largely upon its own facts. The facts found by the trial court in this case bring it well within the case of *Cunningham v. Miller, supra,* and unless the judgment is to be sustained it is apparent that that case must be overruled. Differences of opinion are bound to arise in questions of this kind because of the fact that they are viewed from different standpoints. What is regarded in law as constituting a nuisance in modern times would no doubt have been tolerated without question in former times. It is no doubt true that zoning laws would have been held unconstitutional under the conditions that existed prior to the civil war, not that the law is different but the conditions to which it is applied have changed. Some weight must be given to social considerations, using that term in its broad sense.

We are also reminded of the fact that in this case no nuisance has been created, but it does appear clearly that a nuisance will result from the contemplated act. *Wasilewski v. Biedrzycki, supra.* The cases upon this subject are collected in a note to *George v. Goodovich,* 288 Pa. St. 48, 135 Atl. 719, to be found in 50 A. L. R. 107.

The facts in this case bring it well within the rule laid down by the great weight of authority in this country that a garage and oil station conducted as the court found this one would be, the findings being based upon the testimony of defendant himself, when erected and carried on in a purely residential section, constitutes a nuisance. This conclusion will not require us to hold that every garage in every case will constitute a nuisance without regard to its location or manner of operation, as is contended by defendant.

*By the Court.*—Judgment affirmed.