BLAKE, Appellant, vs. CITY OF MADISON, Respondent.

*March 11—April 15, 1941.*

For the appellant there was a brief by *Darrell MacIntyre* and *J. Philip Koberstein,* both of Madison, and oral argument by *Mr. Koberstein.*

*Harold E. Hanson,* city attorney, for the respondent.

FOWLER, J.    The action was brought to recover damages for injuries alleged to have been sustained by the owner of three residence properties located across a street from and facing an athletic field owned and conducted by the defendant municipality.    The defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.    The demurrer was sustained.

The complaint further alleges that "the defendant is the owner and proprietor of a *commercial amusement park* [the athletic field above referred to] *operated for* profit;" that after the plaintiff became the owner of his said premises the defendant erected floodlights in said field to permit evening amusement activities, installed a voice-amplifying system therein, and permitted a tavern to operate therein, all "being installed for commercial reasons;" that as a result of said installations the activities at the field, including baseball, football, wrestling, and other athletic activities increased considerably, occupied many afternoons and evenings throughout the summer months, and often continued into unreasonably late hours beyond 11:30 at night; that such maintenance and operation are "attended with the raucous cheering of spectators, the blare of the voice-amplifying system and other noises incidental to the particular activity taking place," which disturb "the peace and quiet of the residents of the neighborhood;" that the neighborhood is "predominantly residential;" that the noises referred to interfere "with the comfort and physical well-being of the inhabitants" of the neighborhood, and "prevent, during late hours, proper rest and repose" of such inhabitants desiring sleep; and that as a result of said noises "the plaintiff's premises were made

less valuable for dwelling purposes, and thereby the rents and profits from the same were lost and destroyed, and the value of the same diminished to the extent of $7,500."

The first question for determination is whether the noises and lights accompanying the operation of the field at night may be considered as constituting a nuisance. *Wahrer v. Aldrich,* 161 Wis. 36, 152 N. W. 456, involved the noises incidental to the operation of a roller-skating rink. It was there held that to render such noises a nuisance it is necessary that they exist to such extent as to be "physically annoying to persons of ordinary sensibilities." The incidental noises there involved were considered not to be of such extent up to 10 o'clock p. m., but it was inferentially held that if continued beyond that hour they were so, as an injunction against operating the rink beyond that hour was issued, and this judgment was affirmed. We consider that the allegations of the instant complaint above stated, at least if continued beyond a reasonable hour at night, are sufficient to support an inference and by reasonable intendment to imply that the noises incident to the operation of the park are "physically annoying to persons of ordinary sensibilities." For a discussion as to what does and what does not constitute such annoyance we refer, without repeating it, to the opinion in the case above cited.

See also on this point *Ballstadt v. Pagel,* 202 Wis. 484, 232 N. W. 862, where it was held that under the facts found upon trial the operation of a garage in a residential district constituted a nuisance. Whether such operation does constitute a nuisance is, however, a question of fact ordinarily to be determined upon a trial.

The defendant contends that even though the complaint be construed as alleging a nuisance, the city is nevertheless exempt from liability because, as it urges, the complaint shows that the city is exempt from liability because it was operating the park in performing a governmental function. To this

the plaintiff counters that a municipal corporation, even though as to "one of the governed" it is not subject to liability in such cases, it is nevertheless as a landowner liable to an adjacent landowner for operating the park in such manner as to constitute a nuisance the same as any other landowner maintaining a nuisance, citing *Young v. Juneau County,* 192 Wis. 646, 212 N. W. 295; *Hasslinger v. Hartland,* 234 Wis. 201, 290 N. W. 647. Such is the rule. The plaintiff also contends that under the allegations of the complaint the city is not acting in a governmental, but in a proprietary capacity, because it is conducting a business "for profit" and for "commercial" purposes. We consider that the complaint, construing it favorably to the pleader as we must construe it, 3 Bryant, Wis. Pl. & Pr. (2d ed.) § 228, is subject to this construction.

*By the Court.*—The order sustaining the demurrer to the complaint is reversed, and the cause is remanded for further proceedings.