SCHNEIDER and others, Appellants, vs. FROMM LABORATORIES, INC., Respondent.

*May 7—June 3, 1952.*

22

For the appellants there was a brief by *Kaumheimer, Alt & Likert* of Milwaukee, and *Charles L. Larson* of Port Washington, attorneys, and *John M. Reinhart* of Milwaukee

of counsel, and oral argument by *Mr. Leon E. Kaumheimer* and *Mr. Larson*.

For the respondent there was a brief by *Schanen, Schanen & Pauly* of Port Washington, attorneys, and *Corrigan & Corrigan* of Milwaukee of counsel, and oral argument by *Erwin N. Pauly*.

MARTIN, J.   Appellants cite many authorities to the effect that noise of certain kinds and under certain conditions may constitute an actionable nuisance, but the question whether a particular noise under particular circumstances constitutes a nuisance is for the trier of the facts. This is an action in equity and the principles of equity apply. The verdict of the jury was merely advisory and the trial court had the right to disregard it in whole or in part, since injunctive relief is addressed to the discretion of the court.

We cannot agree with appellants' contention that the trial court's finding:

"13. That at and before the commencement of this action said barking of defendant's dogs did not cause any substantial impairment of the use and comfort and enjoyment of the property of persons of ordinary sensibilities, circumstanced as the plaintiffs,"

is a conclusion based upon undisputed facts. All the witnesses testified that there was noise from respondent's dogs. But the court was required to determine the effect of such noise upon the use, comfort, and enjoyment by appellants and others of their property. The evidence upon which the court made its finding was disputed.

Appellants testified that the barking annoyed them, made them nervous and irritable, and disturbed their sleep at night. The Schneiders testified that the noise made by the dogs in recent years so impaired their enjoyment of the property that they gave considerable thought to whether they should go there for any particular week end because of the annoyance; that they frequently went there and turned around

without unpacking and returned to Milwaukee; that they have lost interest in further improving their property because of the noise. Appellants characterized the noise as an unnatural barking, yelping, howling, sounds of fear, distress, fighting, and anguish.

Most of respondent's witnesses, on the other hand, were permanent residents in the vicinity who testified that the barking did not bother them; that they had grown accustomed to it; that it has not disturbed their sleep or otherwise annoyed them. Many of these witnesses were farmers, and at least one of them lived closer to the dog inclosures than any of the appellants. Counsel for appellants attempt to show that some of these witnesses may have been influenced in favor of respondent by the fact that they had business transactions with or obtained assistance from it; but the trial court observed them as they testified and we must assume that it considered such facts in appraising their credibility.

Considering the entire record, we find no reason to disturb the finding of the trial court. *Swazee v. Lee* (1951), 259 Wis. 136, 47 N. W. (2d) 733.

Injunctive relief is addressed to the sound discretion of the trial court. It should be granted only where there is an irreparable injury. *Maitland v. Twin City Aviation Corp.* (1949), 254 Wis. 541, 37 N. W. (2d) 74. Appellants have undoubtedly suffered inconvenience, but this hardly constitutes such a substantial, tangible injury as would justify the court in requiring the respondent to move its business operations to another location. Respondent employs approved methods of reducing the noise made by the dogs, and it is not suggested by appellants that anything more can be done in this regard.

It may be true that some of the appellants sought the peace and quiet of the countryside when they purchased their properties and that they have been disappointed. It is also true that the respondent's laboratories were operating in the

vicinity when they moved there, and diligent inquiry prior to purchase might well have revealed facts regarding its operation which would have enabled them to anticipate the annoyance of which they now complain. In this era of scientific and industrial development we are all required to put up with a great many inconveniences and disturbances in our daily lives. Noise is the natural result of many normal and beneficial enterprises. In this case the noise is incidental to lawful business operations; it is controlled as adequately as modern and humane methods allow. Unfortunately, it has inconvenienced the appellants and disturbed their peace of mind, but we see in the record no reason to believe that the trial court abused its discretion in refusing to grant the harsh remedy of an injunction.

In *Wahrer v. Aldrich* (1915), 161 Wis. 36, 40, 152 N. W. 456, this court said:

"Do the facts found sustain the judgment? In *McCann v. Strang,* 97 Wis. 551, 72 N. W. 1117, the general rule governing cases of this kind is stated to be that courts will not abate a lawful business as a nuisance on the ground of noise alone, unless the noise and other incidents thereof are such as would be likely to cause some 'actual, material, physical discomfort to a person of ordinary sensibilities, so circumstanced as the complaining party.' It is therein further stated that 'the nature of the trade, the kind of noise, the location, and all the attending circumstances must be taken into consideration.' The standard for measuring the nuisance qualities of the noise is its effect upon a person of ordinary sensibilities. It is to be gauged neither by a neurotic nor a phlegmatic temperament. To constitute a nuisance it must be physically annoying—it is not sufficient that it offend mere taste or what is ideally desirable. An actual effect of discomfort must be produced by it upon the average nervous organization before courts will interfere. *Price v. Grantz,* 118 Pa. St. 402, 11 Atl. 794; *Powell v. Bentley & G. F. Co.* 34 W. Va. 804, 12 S. E. 1085, 12 L. R. A. 53; note to *Acme F. Co. v. State* (34 Ind. App. 346, 72 N. E. 1037) 107 Am.

St. Rep. 195 *et seq.*; 2 Wood, Nuisances (3d ed.), sec. 617; Joyce, Nuisances, sec. 183."

*By the Court.*—Judgment affirmed.

CURRIE, J., took no part.