FLESCH, Special Administratrix, Respondent, vs. CITY OF LANCASTER, Appellant.

*May 6—June 2, 1953.*

For the appellant there was a brief and oral argument by *Richard W. Orton* of Lancaster.

For the respondent there was a brief by *Milton R. Mehlhouse* of Lancaster, attorney, and *Spohn, Ross, Stevens, Lamb & Pick* of Madison of counsel, and oral argument by *Mr. James F. Spohn* and *Mr. Mehlhouse*.

BROADFOOT, J.   The general rule is that a municipal corporation is not liable for torts committed in the exercise of governmental functions but that it is liable for torts committed in the exercise of private or proprietary functions. This rule has been limited in some respects by statute and in some respects by decisions of this court. The rule is sufficiently clear to be conceded by both parties. The difficulty lies in the application of the rule to a particular set of facts.

Essentially in the first cause of action the complaint alleges that the defendant operated the pool in its proprietary capacity and is therefore liable for the negligence of its agents in the operation of said pool. Similar language was held to sufficiently state a cause of action as against a demurrer in the case of *Blake v. Madison,* 237 Wis. 498, 297 N. W. 422. In this case the allegation was weakened by the pleading of evidence as to the receipts and disbursements for each of the years that the pool was operated. In only the first year of its operation did it yield a profit. The mere fact that a charge was made for admission to the pool is not conclusive against the city in determining whether an enterprise is conducted in a proprietary rather than a governmental capacity. Conversely, the fact that a municipality incurs a deficit in the operation of the pool does not necessarily change it from a proprietary activity to a governmental function. This court has generally held that the conduct of such activities as parks,

playgrounds, bathing beaches, and swimming pools are governmental functions rather than commercial enterprises. *Nemet v. Kenosha,* 169 Wis. 379, 172 N. W. 711; *Gensch v. Milwaukee,* 179 Wis. 95, 190 N. W. 843; *Virovatz v. Cudahy,* 211 Wis. 357, 247 N. W. 341; *Skiris v. Port Washington,* 223 Wis. 51, 269 N. W. 556; *Cegelski v. Green Bay,* 231 Wis. 89, 285 N. W. 343.

The trial court conceded that there could be liability in this case only if the city was acting in its proprietary capacity, and then only if the evidence establishes that the boy's death was caused by negligence of the defendant's agents. It indicated that it is easier to allege than to prove such a cause of action but that the complaint alleged the operation of the pool in a proprietary capacity and negligence to a sufficient degree to state a cause of action as against demurrer. We agree with its determination.

As to the second cause of action we have a different situation. The complaint there alleges a violation of the safe-place statute as contained in ch. 101, Stats. The safe-place statute applies to cities, regardless of whether at a given time they are acting in a proprietary or governmental capacity. *Heiden v. Milwaukee,* 226 Wis. 92, 275 N. W. 922. This is an illustration of a statutory limitation upon the immunity of a city from liability for a tort committed in the exercise of a governmental function. The statute is broad and the definition of "public building" used in ch. 101 has been extended to cover temporary wooden bleachers erected for use at a football game and a swimming pier. *Bent v. Jonet,* 213 Wis. 635, 252 N. W. 290; *Feirn v. Shorewood Hills,* 253 Wis. 418, 34 N. W. (2d) 107.

Again the rule of law is clear and any difficulty that arises will be through the application thereof to the evidence adduced upon the trial. As against demurrer the complaint states a cause of action for violation of the safe-place statute,

and the trial court was correct in overruling the demurrer thereto.

*By the Court.*—Order affirmed.

MARTIN, J., dissents.