VILLAGE OF LITTLE CHUTE, Respondent, vs. VAN CAMP, Appellant.

*October 2—October 20, 1908.*

*Constitutional law: Delegation of legislative power to executive officer: Regulation of saloons: Village ordinances: Validity.*

1. The power to regulate saloons vested in village boards by subd. 26, sec. 893, Stats. (1898), is a legislative power, which cannot be delegated.

2. A village ordinance requiring all saloons to be closed during certain hours "unless by special permission of the president," is void because it attempts to delegate legislative power to an executive officer and because it attempts to give him arbitrary power, allowing him in the execution of the ordinance to discriminate among persons similarly situated.
3. The clause giving the president such power being evidently a material inducement to the otherwise valid parts, the whole ordinance is void.

APPEAL from a judgment of the municipal court of Outagamie county: THOMAS H. RYAN, Judge.  *Reversed.*

The cause was submitted for the appellant on the brief of *J. Elmer Lehr,* and for the respondent on that of *Joseph Chopin* and *Albert H. Krugmeier.*

WINSLOW, C. J.   The defendant was convicted of violating an ordinance of the plaintiff village reading as follows:

"All saloons in said village shall be closed at 11 o'clock p. m. each day and remain closed until 5 o'clock on the following morning, unless by special permission of the president."

We regard the ordinance as void for two reasons: First, because it attempts to confer arbitrary power upon an executive officer, and allows him, in executing the ordinance, to make unjust and groundless discriminations among persons similarly situated (*State ex rel. Garrabad v. Dering,* 84 Wis. 585, 54 N. W. 1104); second, because the power to regulate saloons is a lawmaking power vested in the village board (Stats. 1898, sec. 893, subd. 26), which cannot be delegated. A legislative body cannot delegate to a mere administrative officer power to make a law, but it can make a law with provisions that it shall go into effect or be suspended in its operation upon the ascertainment of a fact or state of facts by an administrative officer or board.  *Dowling v. Lancashire Ins. Co.* 92 Wis. 63, 65 N. W. 738; *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm., ante,* p. 146, 116 N. W. 905.   In the present case the ordinance by its terms gives power to the

president to decide arbitrarily and in the exercise of his own discretion when a saloon shall close. This is an attempt to vest legislative discretion in him, and cannot be sustained.

It is said that the latter clause of the ordinance may be stricken out as unconstitutional, and the balance, requiring saloons to close at 11 o'clock, may still be held valid. This, however, cannot be done, because it is very plain that the clause giving the president power to suspend the operation of the law at will is a compensation for. the first clause. They are bound together, and the invalid clause was evidently a material inducement to the otherwise valid portion. *State ex rel. Walsh v. Dousman,* 28 Wis. 541.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment discharging the defendant.