14]                    JANUARY TERM, 1916.                    589

State ex rel. Nehrbass v. Harper, 162 Wis. 589.

STATE EX REL. NEHRBASS and another, Respondents, vs. HAR-
PER, Appellant.

*February 24—March 14, 1916.*

*Municipal corporations: Ordinances: Validity: Redelegation of leg-
islative power by council: Erection of public garages: Consent
of adjacent property owners.*

1. The common council of a city cannot redelegate legislative power
   properly delegated to it.
2. A municipal ordinance (sub. (d) and (e), sec. 474, Milwaukee
   Code of 1914) providing, in effect, that no public garage shall
   be erected outside of the business sections of the city without
   the written consent of two thirds of all the real-estate owners
   within three hundred feet, is void for the reason that it at-
   tempts to delegate legislative power vested in the common coun-
   cil to private persons, giving to them the power to say, not on
   grounds of public welfare, public health, or the like, but as a
   matter in their own discretion, that a particular property owner
   shall not be permitted to use a particular piece of property in
   a certain way.

APPEAL from an order of the circuit court for Milwaukee
county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

*Mandamus* by petitioners and respondents to compel the
defendant and appellant, as inspector of buildings of the city
of Milwaukee, to issue a permit for the erection of a garage
for the storage and repair of automobiles on Oakland avenue
in the city of Milwaukee. The petitioners alleged the facts
necessary to show a full compliance with all the provisions of
law and orders of every kind provided for by law in relation
to securing a permit for the purpose of erecting the proposed
garage, with the single exception that they had not complied
with sec. 474 of the Milwaukee Code of 1914, hereinafter set
out. The defendant and appellant demurred to the petition,
the demurrer was overruled by the circuit court, and the de-
fendant brings this appeal from the order overruling the de-
murrer.

For the appellant there were briefs by *Daniel W. Hoan,* city attorney, and *E. L. McIntyre,* assistant city attorney, and oral argument by *Mr. McIntyre.* To the point that the ordinance is not an invalid delegation of legislative power, they cited 19 Am. & Eng. Ency. of Law (2d ed.) 489, 492; *Chicago v. Stratton,* 162 Ill. 494, 44 N. E. 853, 35 L. R. A. 84, 53 Am. St. Rep. 325; *Boyd v. Milwaukee,* 92 Wis. 456, 66 N. W. 603; *Loewenbach v. Milwaukee,* 139 Wis. 49, 119 N. W. 888; *People ex rel. Keller v. Oak Park,* 266 Ill. 365, 107 N. E. 636; *People ex rel. Busching v. Ericsson,* 263 Ill. 368, 105 N. E. 315.

For the respondents there was a brief by *W. H. Timlin, Jr., Patrick W. Dean,* and *John W. Burkhardt,* and oral argument by *Mr. Timlin.*

ROSENBERRY, J. Upon the argument it was conceded by counsel that the only question involved was the validity of sub. (d) and (e) of sec. 474 of the Milwaukee Code of 1914, which are as follows:

"(d) Livery, boarding or sales stables, gas houses, gas reservoirs or holders, paint, oil or varnish works, salesroom or storage room for automobiles or garages for the keeping of automobiles for hire may be built within that portion of the city not set aside for business purposes, providing that the person, firm or corporation desiring to build, remodel or maintain such building for the purpose of a livery, boarding or sales stable, gas house, gas reservoir or holder, paint, oil or varnish works, salesroom or storage room for automobiles or garage for the keeping of automobiles for hire shall first obtain the written consent of two thirds of all the real-estate owners within three hundred feet of the space occupied by the business proposed to be maintained."

"(e) This written consent shall be accompanied by an affidavit setting forth that each name signed thereto is the signature in own handwriting of the person so named. This petition with affidavit attached must be filed with the inspector of buildings at the time that an application for a building permit, for the erection, construction or remodeling of any build-

ing for such purposes of occupancy as a livery, boarding or sales stable, gas house, gas reservoir or holder, paint, oil or varnish works, salesroom or storage room for automobiles or garage for the keeping of automobiles for hire is made."

The petition further alleged that the property upon which the proposed garage was to be erected was in what is known as the residence district and its erection forbidden by the terms of the code, unless sub. (d) and (e) were complied with, but alleged that said subsections were void.

The validity of the ordinance is attacked upon two grounds: First, that it is unreasonable and not a proper exercise of the police power; and second, that it is void for the reason that it attempts to delegate legislative power vested in the council to private citizens.

We find it necessary to consider the second ground of objection only. It will be noted that under the terms of the ordinance the real-estate owners are not to determine whether a garage shall be erected within any certain specified limits, but may determine whether a particular garage shall be erected by a specified property owner at a particular place. The delegation of this power to adjacent property owners without any restriction or limitation whatever vests in such property owners the power to say as a matter of discretion that another property owner shall not be permitted to use his property in a certain way. No attempt is made to place it upon the ground of public welfare, public health, or any other interest which the public might have in the matter, but the determination is left to the desire, whim, or caprice of the adjacent owners.

Sec. 1, ch. 266, Laws 1907, relating to sleeping-car berths, is as follows:

"Whenever a person pays for the use of a double lower berth in a sleeping car, he shall have the right to direct whether the upper berth shall be open or closed, unless the upper berth is actually occupied by some other person; and the proprietor of the car and the person in charge of it shall comply with such direction."

In a case arising under the provisions of this law the court said:

"Had it been thought that there is a substantial reason why, in the public interests, an upper berth should be closed when unoccupied, in case of the lower one being in use, the law would have so provided in all cases, instead of leaving it to the mere dictation, whether springing from judgment or mere whim, of each individual customer for a lower berth, to control the upper one, in respect to the matter. To thus leave such matter to the mere caprice of the occupant of the lower berth is a confession on the face of the act that it was not treated by the legislature as one deemed to be reasonably vital to the public interests. So the law is not, in reality, a police regulation but an unwarranted interference with property rights; an attempt in the circumstances specified to give to any person, at his option, who pays for a part of a section in a sleeping car the use, free of charge, of the balance thereof; an obvious though well meant attempt, it would seem, through mistaken notions of legislative power, to appropriate the property of one for the benefit of another in violation of several constitutional safeguards that might be referred to, but particularly the guarantee that 'no person shall be . . . deprived of life, liberty, or property without due process of law,' and the further guarantee that 'private property shall not be taken for public use without just compensation therefor,' and the safeguard springing from the whole constitutional system that private property shall not be taken at all for private use, except in the enforcement of obligations *inter partes*." *State v. Redmon,* 134 Wis. 89, 112, 114 N. W. 137.

A village ordinance read as follows:

"All saloons in said village shall be closed at 11 o'clock p. m. each day and remain closed until 5 o'clock on the following morning, unless by special permission of the president."

The court held this ordinance void for two reasons:

"First, because it attempts to confer arbitrary power upon an executive officer, and allows him, in executing the ordinance, to make unjust and groundless discriminations among persons similarly situated (*State ex rel. Garrabad v. Dering,* 84 Wis. 585, 54 N. W. 1104); second, because the power to

regulate saloons is a lawmaking power vested in the village board (Stats. 1898, sec. 893, sub. 26), which cannot be delegated. A legislative body cannot delegate to a mere administrative officer power to make a law, but it can make a law with provisions that it shall go into effect or be suspended in its operation upon the ascertainment of a fact or state of facts by an administrative officer or board. *Dowling v. Lancashire Ins. Co.* 92 Wis. 63, 65 N. W. 738; *Minneapolis, St. P. & S. S. M. R. Co. v. Railroad Comm.* 136 Wis. 146, 116 N. W. 905. In the present case the ordinance by its terms gives power to the president to decide arbitrarily and in the exercise of his own discretion when a saloon shall close. This is an attempt to vest legislative discretion in him, and cannot be sustained." *Little Chute v. Van Camp,* 136 Wis. 526, 527, 528, 117 N. W. 1012.

A county board cannot delegate to one not a member of the board the power and authority to act as a member of a committee of the board. *Forest Co. v. Shaw,* 150 Wis. 294, 136 N. W. 642.

In a case where this court had under consideration the validity of a statute authorizing certain freeholders within certain enumerated taxing districts, upon compliance with certain conditions, to require the officers of a taxing district to levy a tax for highway purposes, this court said:

"Under our constitutional form of government the legislature cannot delegate legislative powers to any officer or to any body of persons, individual or corporate, aside from the power to confer local legislative and administrative powers on county boards and municipal corporations." *State ex rel. Carey v. Ballard,* 158 Wis. 251, 257, 148 N. W. 1090.

If the state cannot delegate such power, certainly a common council cannot redelegate legislative power properly delegated to it.

The ordinance in question is not one left to take effect or to be suspended *in futuro* upon the ascertainment of some prescribed fact or the happening of some event, but attempts to delegate to property owners the right to say how a particular person shall use a particular piece of property, and we think

is void and within the prohibition of the rule laid down in the cases cited above. We have carefully examined the cases cited by appellant's counsel and deem them inapplicable in the present case.

*State ex rel. Att'y Gen. v. O'Neill,* 24 Wis. 149, provided that a certain act should be void unless accepted by a majority of the legal voters of the city of Milwaukee in the manner therein prescribed. This was held not to be a delegation of legislative power, but the law was said to be "a complete enactment in itself; contains an entire and perfect declaration of the legislative will; requires nothing to perfect it as a law; while it is only left to the people to be affected by it to determine whether they will avail themselves of its provisions."

An attempt was made upon the argument to bring the case within this rule by claiming that the ordinance was general in its operation and that its provisions were simply waived by adjacent property owners. Notwithstanding, it is plain that the question of whether or not a garage shall be erected in a particular place is determined, not by the common council, but by the property owners.

In *Ryan v. Outagamie Co.* 80 Wis. 336, 50 N. W. 340, cited by appellant, the question was whether the statute authorizing county boards to fix the compensation of officers and magistrates for services to be performed under the act commonly known as the "Tramp Law," was an improper delegation of legislative power. The court held that it was not such an improper delegation, for the reason that it vested in a local governing body the power to fix the compensation of a local officer and was plainly a local matter. The case under consideration is in no respect analogous to the *Ryan Case,* and the principle there announced is not applicable to this case. The demurrer was properly overruled, and the order of the circuit court should be affirmed.

*By the Court.*—Order affirmed.