VILLAGE OF OSCEOLA, Respondent, vs. BEYL, Appellant.

*December 4, 1918—January 7, 1919.*

*Municipal corporations: Ordinances: Judicial notice: Proof of publication: Presumptions.*

1. Courts of this state will not take judicial notice of acts and ordinances of municipalities except upon due proof thereof; and where publication is required proof of publication must be made.
2. Where, however, a village ordinance, proved to have been regularly passed and recorded, has been in force for thirty-one years, the courts should, in the administration of the law, in the absence of any showing to the contrary, presume that the clerk performed his duty and that the ordinance was published in the manner prescribed by law (sec. 891, R. S. 1878).

APPEAL from a judgment of the circuit court for Polk county: FRANK A. Ross, Circuit Judge.  *Affirmed.*

The cause was submitted for the appellant on the briefs of *C. C. & A. E. Coe* of Barron, and for the respondent on that of *Kennedy & Yates* of Amery.

ROSENBERRY, J.  Under an ordinance of the village of *Osceola* the defendant was convicted of being drunk and disorderly, and the sole question raised on this appeal is whether or not the publication of the ordinance was sufficiently proved upon the trial.

At the time of the passage of the ordinance in September, 1886, it was provided by sec. 891, R. S. 1878, as follows:

"All ordinances and by-laws shall be signed by the president and countersigned by the clerk; and if any penalty or forfeiture is thereby, in any event, imposed, shall, before taking effect, be published one week, at least, in some newspaper printed in the village and if there be no newspaper, copies thereof shall be posted in at least three public places therein, one week before the same shall take effect.  Proof of such publication by the affidavit of the printer or foreman

in the office of such newspaper, or of such posting, by the certificate of the village clerk, shall be attached to and filed with such ordinance or by-law, and noted on the record thereof, and shall be conclusive evidence of the facts stated, . . ."

By sec. 880, R. S. 1878, it was made the duty of the village clerk—

"3. To attend all meetings of the village board; to record and sign the proceedings thereof, and all ordinances, rules, by-laws, resolutions and regulations adopted, and to countersign and keep a record of all licenses, commissions and permits granted or authorized by them, and for such purposes to keep the following books: . . .

"An ordinance book in which shall be recorded at length in chronological order, all ordinances, rules, regulations and by-laws. . . .

"4. To countersign and cause to be published or posted every ordinance, by-law, or resolution, as required by law, and to have proper proof thereof made and filed."

There was in the office of the village clerk at the time of the trial an ordinance book in which were contained the several ordinances of the village arranged in chronological order, and upon the trial such book was offered in evidence to prove the passage and publication of ordinance No. XIV, which is as follows:

"Ordinance No. XIV.
"An ordinance relating to drunkenness.
"*The village board of Osceola do ordain as follows:*
"Section 1. Any person who shall be found in a state of open or notorious drunkenness or intoxication, within the limits of the village of *Osceola,* to the annoyance or disturbance of any of the citizens or other person or persons, in said village, shall on conviction thereof before the police justice of said village, be punished by a fine not exceeding fifty dollars and costs; and in default of the payment of such fine and costs be imprisoned in the county jail not exceeding thirty days.          HENRY B. DIKE, President.
"Passed September 9, 1886.
"Attest: Stephen Rowcliff, Clerk."

It not appearing by notation or otherwise in the ordinance book that ordinance No. XIV had been published as required by law, and it appearing that there was a newspaper published within the limits of said village, the defendant objected to the reception of the book in evidence for that reason. The defendant's objection was overruled and the book admitted. At the close of the trial there was offered and received in evidence, against objection by defendant, a small book containing twenty-four sheets of paper $7 \times 8$ inches, stitched in the back, with a light board cover, of the kind ordinarily designated as a composition book. On the outside of the cover was written the word "Ordinances." Beginning with the first sheet there was pasted to it a newspaper clipping designated Ordinance No. I, with the certificate of the clerk. On the second sheet likewise appeared Ordinance No. XIII. On the third sheet likewise appeared Ordinance No. XV, and on the fourth sheet appeared Ordinance XIV, which is a copy of the ordinance in question in this case. At the foot of each of the ordinances appeared the following certificate:

"County of Polk, ⎰
"Village of *Osceola.*⎱ ss.

"I, Stephen Rowcliff, village clerk of said village, do hereby certify that I have carefully compared the above and foregoing ordinance with the original thereof on file in my office, and that the same is a true and correct copy thereof and of the whole thereof.      STEPHEN ROWCLIFF,
    "September 25, 1886.                Village Clerk."

This book, which contained one other ordinance, *in no respect complied with the provisions of sec. 4137, Stats.,* and was inadmissible for any purpose, it being merely a fugitive book, one not required by law to be kept and one not kept in the manner which the law prescribed. The courts of this state will not take judicial notice of acts and ordinances of municipalities except upon due proof thereof, and where publication is required proof of publication must be made.

*Stittgen v. Rundle,* 99 Wis. 78, 80, 74 N. W. 536; *Pettit v. May,* 34 Wis. 666. Under the provisions of sec. 891, R. S. 1878 (sec. 892, Stats. 1917), the ordinance did not go into effect until published.

The record in this case is very meager, but it may be said that it fairly appears that the ordinance in question had been in force in the village of *Osceola* for more than thirty-one years at the time of the trial. The question then arises whether or not, in the absence of the notation of the fact of publication which the law requires the clerk to make, it may be presumed that the ordinance was published. We have come to the conclusion that where an ordinance of a village has been in force for thirty-one years, it being proved that the ordinance was regularly passed and recorded, the courts should, in the administration of the law, in the absence of any showing to the contrary, presume that the clerk had performed his duty and that such ordinance had been published in the manner prescribed by law. Without approving all that is said in the opinions therein, we cite in this connection the following cases: *Santa Rosa City R. Co. v. Cent. St. R. Co.* 4 Cal. Unrep. 950, 38 Pac. 986; *Quincy v. C., B. & Q. R. Co.* 92 Ill. 21; *Atchison v. King,* 9 Kan. 550; *Muir's Adm'rs v. Bardstown,* 120 Ky. 739, 87 S. W. 1096; *Depue v. Banschbach,* 273 Ill. 574, 113 N. E. 156; *Barber A. P. Co. v. Jurgens,* 170 Cal. 273, 149 Pac. 560; 2 McQuillin, Mun. Corp. § 864.

The publication of the ordinance being presumed, the error in admitting the fugitive book was an immaterial one.

*By the Court.*—Judgment affirmed.