CITY OF LA CROSSE, Respondent, vs. ELBERTSON, Appellant.

*March 10—June 12, 1931.*

For the appellant there was a brief by *F. E. Withrow* and *Lees & Bunge,* all of La Crosse, and oral argument by *Mr. Withrow* and *Mr. Geo. W. Bunge.*

*O. J. Swennes* of La Crosse, for the respondent.

FAIRCHILD, J.   As appears by the statement of facts, the constitutionality of several ordinances enacted by the city of La Crosse for the purpose of zoning a residence district in said city, and particularly ordinance known as No. 785, is questioned by appellant.   The sequence of the ordinances and the date of the acts of the appellant charged as being in violation thereof are such that if ordinance No. 785 is a valid ordinance the judgment must be upheld.

Appellant claims that provisions in the ordinances are unreasonable and oppressive as to him and his rights.   The common council sought to carry out its plan of establishing a residential district under the police power given it by the legislature.   Sec. 62.23 (5), Stats., reads:

"(5) *Industrial districts.* (a) The council may by ordinance regulate the location of industries and of buildings designed for specific uses, and such regulation is declared to be for public health, safety and welfare.   This subsection shall be liberally construed in favor of the city and not as a repeal of any power elsewhere granted.

"(b) Districts may be established and regulations made for each prohibiting or regulating any particular industry or use of buildings therein.

"(c) The city plan commission, or if the city has none such, a city plan committee of the council, shall upon request of the council, recommend the district plan and regula-

tions for the city. Tentative recommendations shall first be formulated and public hearings held thereon. After submission of the final recommendations, the council may from time to time change the districts and regulations, as recommended or as adopted, upon giving at least ten days' notice, by publication in the official paper at least three times in such ten days, of the proposed changes and of hearing thereon, and opportunity to any person interested to be heard. If the owners of twenty per cent. of the frontage proposed to be changed, or of the frontage immediately in the rear thereof, or directly opposite thereto, shall protest in writing signed and acknowledged, the change shall require a three-fourths vote of the council.

"(d) The continued use of a building or premises for an industry or use for which the same are lawfully used at the time any ordinance under this subsection shall take effect, shall not be prohibited, but alteration of or additions to buildings for the purpose of prohibited industry or use may be forbidden."

The evidence received upon the trial, viewed most favorably to the appellant, may be said to create a conflict on the point as to whether or not the particular portion of the city thus set apart is in fact a residential section. But we must bear in mind that the policy of zoning is a matter within legislative discretion. The conditions under which the council may act are specified. The validity of an ordinance becomes a judicial question in a given situation solely for the purpose of determining whether legislative action under the power delegated to the common council passed the boundaries of its limitations or exceeded the boundaries of reason. The very fact of delegation of this power to common councils implies a field of legislative discretion within which its acts are not subject to judicial review. It is only when the bounds of that field are clearly exceeded that courts will deny validity to such an ordinance. *State ex rel. Carter v. Harper,* 182 Wis. 148, 196 N. W. 451; *Maercker v. Milwaukee,* 151 Wis. 324, 139 N. W. 199.

The appellant's contention that the condition of the immediate neighborhood surrounding his premises warrants a different classification or the placing of the boundary of the residential zone or district further east or so as to exclude therefrom his dwelling and proposed funeral home, is without merit. Under the rules long since established, recognized and set forth in the cases just cited; when municipal legislative action proceeds from authority expressly granted and such action is based on apparent reason, the decision of the legislative body is controlling. All presumptions are in favor of its validity, and when attacked the burden is on the party alleging its invalidity to establish his claim.

The power which has been given to the city to pass ordinances such as here under consideration must be reasonably exercised, but within the field delegated to the municipality it may go to boundaries of reason. *C. Beck Co. v. Milwaukee,* 139 Wis. 340, 120 N. W. 293; *Wagner v. Milwaukee,* 180 Wis. 640, 192 N. W. 994. Where different conclusions as to just where the lines of a district should be may be drawn from the evidence submitted, the conclusion adopted by the legislative body cannot be interfered with.

There is evidence that appellant's property is in a neighborhood used for private residence purposes in a large degree. With the exception of a gasoline station which was established some years after the appellant purchased his house and before the passage of a valid ordinance prohibiting encroachment of business into this neighborhood, no changes occurred between 1922 and 1925 which materially affect the character of the neighborhood. While the evidence shows some business uses in parts of dwellings, the general character of the surroundings are such that we cannot say that the legislative body was not warranted in putting this particular section in a district set apart for residential purposes. The learned trial court sustained the

ordinance on the evidence presented and we think that the situation disclosed supports the conclusion. It was also determined that ordinance No. 785 became effective June 20, 1925, and that the defendant since then had attempted the establishment of a prohibited enterprise in his property which is within the district, and the evidence amply sustains that finding.

Further criticism of this ordinance by appellant is directed to the following points: (a) it is an amendment of a void ordinance; (b) it provides no penalty; (c) it reserves to the council arbitrary power. By recital and reference ordinance No. 785 was a revision and re-enactment of regulations relating to zoning in the city of La Crosse. It included in such revision ordinance No. 650, which was defective because it delegated the power to determine in what manner any premises in the restricted district could be used and was within the rule enforced in *State ex rel. Nehrbass v. Harper,* 162 Wis. 589, 156 N. W. 941. On the basis that this ordinance No. 785 is an amendment of the void ordinance No. 650, appellant builds an argument in support of his claim that No. 785 is void. *Schwartz v. Oshkosh,* 55 Wis. 490, 13 N. W. 450, cited by appellant, did consider a somewhat similar proposition and the court said: "But professedly it was passed as an amendment to previous ordinances which never took effect. It is very manifest that the common council would never have adopted it, except on the assumption that the ordinances which it did attempt to amend were in force." If the decision in that case is an attempt to lay down a rule such as is contended for by appellant it must be overruled. In any event it is not controlling in this case. The ordinance, No. 785, stands on a different footing. It begins with a declaration:

"An ordinance revising and re-enacting the regulations relating to zoning in the city of La Crosse and setting apart portions of the city to be used exclusively for private resi-

dential purposes and restraining the encroachment of factories, stores and other business houses, undertaking parlors and tenements in said territory."

Its sections refer to ordinance No. 650 and other ordinances which had been passed amending that ordinance, and at the close of sec. (1) it uses these words: "and said sections newly numbered 1, 2 and 3 are hereby revised, consolidated and amended to read as follows:" and then follows a complete ordinance with the exception of the penalty clause which was declared to be sec. (5) and remained the same as was provided in the original ordinance 650, and concludes as follows: "This ordinance shall take effect and be in force from and after its passage and publication."

The evident intent of the common council was to make a valid ordinance by covering and perfecting its previous attempts. There appears no good reason why this may not be accomplished in the manner followed in this instance. 1 Lewis's Sutherland, Stat. Constr. (2d ed.) § 233, is authority for the rule that an act unconstitutional and void because a part is in conflict with the constitution may be made good by amending the invalid part so as to remove the conflict, "and thereupon the whole act will be valid and of force without re-enactment," and cites many cases. But here the amendment was an enactment followed by publication and the formalities of an original act.

As to the contention that there was no penalty clause in ordinance No. 785 and that consequently the same was ineffective and invalid, from the method pursued by the common council, it appears this ordinance No. 785 was in substance a completion or amendment of the original ordinance No. 650. It carried over the penalty clause therefrom by renumbering it. The provisions of this legislative act are sufficient to advise any one of its purposes and the penalties for its violation. Under the rule cited, to the effect that unconstitutional ordinances may be amended and made ef-

fective by subsequent amendment, there can exist no reason for holding that a penalty was not provided for the violation of this ordinance, which was a revision and re-enactment of the former ordinances.

The reservation in the ordinance to the effect that the common council might upon petition, after public notice and hearing, and after report by its committee, make changes in the district, does not affect the appellant. The record is barren of any evidence that the common council ever granted a permit to any person, firm, or corporation for any use not in conformity with the ordinance. The appellant's rights are not affected by that provision and his objection in this particular is not well founded. *Gorieb v. Fox,* 274 U. S. 603, 47 Sup. Ct. 675.

The common council, evidently uncertain of the validity of ordinance No. 650 but thinking it weak and incomplete, sought to preserve such rights as the city might have had under a valid ordinance. It used words of such import, and this the appellant claims was an effort to recreate the conditions existing at the time of the passage of the original ordinance. While some portions of the ordinance 650 were eliminated by the subsequent ordinances, terms and conditions fixing and setting apart the residential zone were by apt words carried into and made part of the subsequent ordinances, so that when considered according to the legislative purpose and intent as manifested in the various consolidations and revisions, no doubt exists that an effective prohibition against establishing in the district such an enterprise as the appellant's came into existence by the passage of ordinance No. 785 in June, 1925, and that it has since continued in full force and effect. The evidence fails to show the time of invasion of business enterprises in this district. It is urged that ordinance No. 785 itself is evidence that some did come in during the time between the first ordinance and the enactment of ordinance No. 785 and

that the hope of re-establishing the original condition induced the passage of the later ordinance. On this point counsel for appellant call attention to *Schwartz v. Oshkosh, supra,* and *Jacksonville v. Ledwith,* 26 Fla. 163, 7 South. 885, 9 L. R. A. 69. We mention here that the final ordinance which was enacted after No. 650 was known to be invalid, included all territory which was attempted to be set apart by ordinance 650 as well as that covered by No. 785. If the provisions of this ordinance are separable and sufficiently disconnected so that the portions which relate to the past and those which relate to the present can be distinguished, and the general situation is such that a reasonable presumption exists that the former did not induce the act, the retroactive provisions may be ignored or held to be without effect and the prospective provisions remain efficacious. The major purpose of the amendment objected to was to eliminate the questionable feature of the prior ordinance No. 650 which delegated the privilege to neighboring property owners to permit non-conforming uses. The saving clause contained in sec. (2) of ordinance 785 may be said to have as its purpose the saving of any rights the public may have had under ordinance 650. It is an accepted rule in construing any legislative act that if more than one construction is permissible, one consistent with constitutional requirements and one opposed, that which sustains the legislation will be adopted. Under the circumstances here the result is to impose a prohibition upon acts which are in violation of valid ordinances only.

We think this leaves a valid ordinance effective from June 20, 1925, for it is certain, as appellant concedes, "that an ostensible amendment of a void ordinance may in fact be an entirely new ordinance operating entirely prospectively and entirely free from dependence on a former void ordinance and therefore valid as a new ordinance." The record discloses a rather consistent effort on the part of

the council to establish a residential district which includes the section of the city in which appellant's property happens to be.

The penalty provided for in ordinance 650 was preserved in the enactment known as ordinance No. 785 and subsequent ordinances. The evidence sustains the findings of the trial court that defendant's wrongful act occurred subsequent to the passage of ordinance No. 785, and ordinance 785 being effective and not void by reason of any reservation of arbitrary power, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.