STATE EX REL. NEWMAN, Appellant, vs. PAGELS, Building Inspector, Respondent.

*September 11—October 10, 1933.*

476

478

*J. E. Kitzke* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *George H. Gabel* and *Bender, Trump, McIntyre & Freeman,* all of Milwaukee.

ROSENBERRY, C. J.   The principal contentions of the petitioner are that no power is conferred upon the village to enact the ordinances in question, being sec. 15.07 of ordinance No. 161 and ordinance No. 274, and that, if such power be conferred, the ordinances in question are an improper and unreasonable exercise of such power.

Powers of villages are granted and limited by sec. 61.34, Wis. Stats., the applicable parts of which are as follows:

"(11) . . . To regulate the storage of gunpowder and other dangerous materials; . . .

"(11*m*) . . . To designate general fire limits, and regulate the construction, alteration, enlargement and repair of buildings and structures within such limits for the prevention of fires and the spread thereof; . . .

"(27) . . . To ordain and establish all such ordinances and by-laws for the government and good order of the village, the suppression of vice and immorality, the prevention of crime, the protection of public and private property, the benefit of trade and commerce and the promotion of health, not inconsistent with the constitution and laws of the United States or of this state, as they shall deem expedient;" . . .

That gasoline is highly explosive is a matter which admits of no doubt.   The fact that modern devices have minimized the hazard of handling this dangerous substance does not change its essential nature.   Under the specific grant of

power to regulate the storage of gunpowder and other dangerous materials, we have no difficulty in arriving at the conclusion that the village board of the village of Whitefish Bay had ample authority to enact ordinance No. 274.

The ordinance in question is not an unreasonable exercise of the power conferred. Under well established rules, where a municipal body enacts regulations pursuant to authority expressly granted, all presumptions are in favor of its validity, and any person attacking it must make the fact of its invalidity clearly appear. *La Crosse v. Elbertson,* 205 Wis. 207, 237 N. W. 99; *Pierce Oil Corp. v. Hope,* 127 Ark. 38, 191 S. W. 405; *Wadhams Oil Co. v. Delavan,* 208 Wis. 578, 243 N. W. 224. See, also, *Hadacheck v. Sebastian,* 239 U. S. 394, 36 Sup. Ct. 143, 60 Lawy. Ed. 348.

It is further alleged that ordinance No. 274 was not properly published. Sec. 61.50, Stats., provides:

. . . "All ordinances and by-laws shall be signed by the president and countersigned by the clerk; and, if any penalty or forfeiture is thereby, in any event imposed, shall, before taking effect, be published one week at least in some newspaper printed in the village, and if there be no newspaper printed in such village, the village board may designate a newspaper having a general circulation in said village and printed in the county, in which such village is located, or may, in lieu of the printing thereof, have copies of said ordinances and by-laws posted in at least three public places in said village." . . .

Pursuant to this section the village board adopted an ordinance which provided that all ordinances and by-laws should be posted in at least three public places in said village, and the ordinance in question was in fact posted in accordance with the terms of that ordinance. It appears that the Whitefish Bay Herald is a paper which is circulated in the village but is not printed therein. It is the contention here that the word "printed" should be construed to mean "published," and that in order to comply with the provisions of

sec. 61.50 the ordinance in question should have been published in said paper. The argument is based upon a remark made in the case of *Village of Osceola v. Beyl,* 168 Wis. 386, 170 N. W. 252, where it is said:

"It not appearing by notation or otherwise in the ordinance book that ordinance No. XIV had been published as required by law, and it appearing that there was a newspaper published within the limits of said village, the defendant objected to the reception of the book in evidence for that reason."

This was an inaccurate use of the term "published" which was there used as a synonym for the word "printed." "Published" is much broader word than "printed." The word "published" is sometimes used interchangeably with the word "printed." In *Re Publishing Docket in Local Newspaper,* 266 Mo. 48, 187 S. W. 1174, the supreme court of Missouri held that the verb "print" means to make an impression with inked type and is not synonymous with "publish." Eight years later the court reversed itself and held that "the word 'printed,' though it has a varied meaning in different connections, depending upon the context, does not necessarily differ from the meaning of the word 'published,' which in such a statute would mean published in a newspaper." See, also, *State v. Bass,* 97 Me. 484, 54 Atl. 1113; *Syndicate Printing Co. v. Cashman,* 115 Minn. 446, 132 N. W. 915; *State ex rel. Vickers v. Board of Comm'rs,* 77 Mont. 316, 250 Pac. 606.

A consideration of sec. 61.50 leaves little doubt, however, that the legislature used the word "printed" in its limited meaning. This is indicated by the fact that in the same section it is provided that the village board may designate a newspaper having a general circulation in said village and "printed" in the county in which such village is located. This language admits of no doubt that what was referred to was the manual act of printing and not the circulation of the paper, which is often referred to as publishing. The use

of the word "published" in *Village of Osceola v. Beyl, supra,* was inaccurate. The section being under consideration, the word "printed" should have been used instead of the word "published."

While the ordinance in question limits the use of petitioner's property, his claim that his property is taken without due process, contrary to the provisions of the constitutions of the state of Wisconsin and of the United States, cannot be sustained. Nothing appears from the allegations contained either in the return or in the petition from which it can be said that the ordinance is an unreasonable exercise of the power conferred.

We have considered other questions raised and do not consider them of sufficient importance to warrant detailed discussion.

*By the Court.*—Order affirmed.