GEISENFELD, Respondent, vs. VILLAGE OF SHOREWOOD and others, Appellants.

*September 11—October 10, 1939.*

*Hubert O. Wolfe* of Milwaukee, for the appellants.

For the respondent there was a brief by *Ben J. Wiener* and *Maurice Geisenfeld,* both of Milwaukee, and oral argument by *Mr. Wiener.*

NELSON, J. The facts are largely physical and as to them there is no dispute. The village of Shorewood is bounded on the east by Lake Michigan and on the west by the Milwaukee river. East Capitol drive is an east-and-west highway which practically bisects the village. It is one of the principal highways of the village. It bears a heavy traffic and is an arterial highway. East Capitol drive is intersected by North Oakland avenue, a north-and-south highway. From the westerly limits of the village to North Oakland avenue there are six blocks. From North Oakland avenue easterly to North Prospect avenue there are six blocks. From North

Prospect avenue easterly to North Lake drive (which runs in a northerly and southern direction along Lake Michigan, but several hundred feet therefrom) there are four blocks. One block east of North Prospect avenue is North Stowell avenue, and one block east of North Stowell avenue is North Downer avenue.

In 1919 the village adopted a zoning ordinance applicable to the entire village. It created two residential districts, two business districts, and one industrial district. All of the lots fronting on East Capitol drive from the westerly boundary of the village to North Prospect avenue were classified by the ordinance as business property. The lots on East Capitol drive from North Prospect avenue easterly to North Lake drive were classified as residential property with the exception of four lots located on the northwest corner of the intersection of North Downer avenue with Capitol drive, and three lots located on the southwest corner of the same intersection, fronting on North Downer avenue. The plaintiff owns three lots fronting on the north side of East Capitol drive in the block between North Prospect avenue and North Stowell avenue, which by the ordinance were classified as residential property. At the time the ordinance was adopted, a drugstore was located on the southerly side of a part of the four lots mentioned, which faced North Downer avenue. Whether at that time stores existed to the west or rear of the drugstore on East Capitol drive does not clearly appear. Several stores existed there at the time of the trial. The three corner lots mentioned were vacant at the time the ordinance was adopted. Since that time a filling station has been erected thereon. At the time the ordinance was adopted a store building existed on the lots now belonging to the plaintiff, which was thereafter torn down or removed therefrom. The block in which the plaintiff's lots are situated contains seven lots fronting on East Capitol drive, all of which are vacant, except one lot located at the northwest corner of the

intersection of East Capitol drive with North Stowell avenue, upon which an old but substantial residence exists. At the northeast corner of the same intersection are four vacant lots which front on East Capitol drive. The four remaining lots of that block fronting on East Capitol drive are the ones upon which the drugstore and the other stores above mentioned are situated. So much of the block across the street from the plaintiff's lots as fronts on East Capitol drive is occupied by one residence and a duplex flat, neither of which faces on North Capitol drive; the residence is located on the southwest corner of the intersection of North Stowell avenue with East Capitol drive but faces North Stowell avenue; the duplex flat is located on the southeast corner of the intersection of North Prospect avenue with East Capitol drive but faces North Prospect avenue. In the block immediately to the east of the block just mentioned there is a residence which abuts on East Capitol drive, but which faces North Stowell avenue. The filling station mentioned is in that block and faces east. The residence is westerly of and to the rear of the filling station. The two residences and the duplex flat mentioned are built close to the southerly line of East Capitol drive, and the entrances to their respective garages are from East Capitol drive. East Capitol drive from North Prospect avenue to the westerly limits of the village was at the time the ordinance was adopted and now is predominantly given over to business, and, concededly, was properly zoned for such purposes. Only four old residences now exist in that section. East Capitol drive from North Downer avenue to North Lake drive is purely residential in character, and, concededly, was properly classified as such.

This controversy primarily involves only the plaintiff's three lots but incidentally involves the short block and a half between North Prospect avenue and the stores and filling station to the east. The plaintiff assails the ordinance in so far as it classified his three lots as residential property and con-

tends that the ordinance as to him is arbitrary, unreasonable, discriminatory, and confiscatory and violates his constitutional rights.

The trial court specifically found many of the recited facts. It further found that North Downer avenue, not North Prospect avenue was and is the dividing line on East Capitol drive between the residential district to the east thereof and the apartment and business district to the west thereof; that the reasonable value of the plaintiff's premises for apartment or business purposes was $125 per front foot and that the reasonable value thereof for residential purposes was $40 per front foot; that the plaintiff's premises at the time of the adoption of the ordinance and ever since have been undesirable for residential purposes; that the ordinance has deprived the plaintiff from profitably using his property; that the erection of a building for apartment or business purposes upon the plaintiff's property will not interfere with the reasonable enjoyment by the owners of the properties located on the south side of East Capitol drive between North Prospect avenue and North Stowell avenue, and will not interfere with the public morals, health, safety, and general welfare of the community.

The trial court in substance concluded that the ordinance which classified the plaintiff's property as residential was adopted without due consideration being given to the natural development of the village in the area surrounding the plaintiff's property; that the plaintiff's property was and now is in the heart of an apartment and business district; that the classification of the plaintiff's property as residential deprives the plaintiff of his property without due process of law and denies the plaintiff the equal protection of the law; that the action of the board of trustees in classifying plaintiff's property as residential was and is arbitrary, unreasonable, unjustified, discriminatory, confiscatory, and an abuse of discretion, and an abuse of the exercise of its power; that the

plaintiff's premises are not desirable for residential purposes and cannot be profitably used or disposed of for such purposes; that the retention of the plaintiff's property in a residential district has reduced its natural value from $125 to $40 per front foot, and that the erection and construction of an apartment or business structure on plaintiff's property will not in any way affect either the public health, safety, welfare, or morals of the community.

The only question for determination is whether the circuit court erred in its decision and judgment. The issue involved in that question is whether the ordinance improperly classi-· fied the plaintiff's property as residential, and whether the action of the village board was so arbitrary, unreasonable, and unjustified, so far as the plaintiff's lots are concerned, as to render it unconstitutional and void.

The ordinance as a whole is not assailed. The constitutionality of zoning ordinances was sustained in *State ex rel. Carter v. Harper,* 182 Wis. 148, 196 N. W. 451. · Where the adoption of such an ordinance is a reasonable exercise of the police power such an ordinance may not successfully be assailed. *State ex rel. Carter v. Harper,* supra.

"There must be some reasonable basis for legislative activity in respect to the matter dealt with, else the subject is outside the scope of legislative interference, . . . reasonable doubts being resolved in favor of legislative discretion." *Mehlos v. Milwaukee,* 156 Wis. 591, 600, 146 N. W. 882.

"The very fact of delegation of this power [zoning power] to common councils implies a field of legislative discretion within which its acts are not subject to judicial review. It is only when the bounds of that field are clearly exceeded that courts will deny validity to such an ordinance." *La Crosse v. Elbertson,* 205 Wis. 207, 211, 237 N. W. 99.

In *State ex rel. Tingley v. Gurda,* 209 Wis. 63, 243 N. W. 317, we held that a city ordinance, in so far as it placed in a residential district property in the heart of an industrial area having far less value for residential purposes, was uncon-

stitutional, as being unreasonable. In Rowland v. Racine, 223 Wis. 488, 493, 271 N. W. 36, it was held that the ordinance there considered, in so far as it classified the property belonging to the plaintiff as residential property, was unreasonable, unconstitutional, and void. A zoning ordinance is presumed to be valid, and he who asserts its invalidity "must establish his claim," La Crosse v. Elbertson, supra; "must make the fact of its invalidity clearly appear," State ex rel. Newman v. Pagels, 212 Wis. 475, 479, 250 N. W. 430; or "must show that it is unreasonable in respect to his property," Rowland v. Racine, supra.

It is contended by the defendants that the findings of the trial court are not entitled to the usual weight accorded such findings by this court because it did not apply correct legal principles. The trial court filed no written decision, so there is no way to determine whether the trial court gave consideration to the law which accords to legislative action presumptions of validity. We have no doubt that this case was fully argued by the able counsel who represented the respective parties at the trial and that the court was fully advised as to the applicable law.

It appears that the trial court viewed the locus and observed the rather complicated physical facts adduced upon the trial.

It is conceded that East Capitol drive, from the westerly village limits to North Prospect avenue, was and is predominantly a business section. It appears from the evidence that there are stores on the southwest corner of the intersection of North Prospect avenue and East Capitol drive, and that there is an apartment building on the northwest corner of that intersection; that there is a drugstore on the northwest corner of the intersection of East Capitol drive with North Downer avenue, and several stores to the west of it on the north side of East Capitol drive; that there is a filling station on the southwest corner of that same intersec-

tion; that in the two blocks between North Prospect avenue and North Downer avenue there is only one residence that faces on East Capitol drive; that the other two residences and duplex flat are built close to East Capitol drive and face either North Prospect or North Stowell avenues; that the district here in question is but a block and a half long and is between business sections; that ten of the eleven lots fronting on East Capitol drive in that block and a half are vacant; that at the time of the adoption of the ordinance they were also vacant except for the store building which was on the plaintiff's lots; that nearly twenty years have elapsed and not one new residence has been erected on any lot in that block and a half; that a filling station has been erected as hereinbefore stated; that the plaintiff has been unable to sell his lots for residence purposes although he acquired title to them in 1928.

We are of the opinion that the undisputed physical facts justify the conclusions of the trial court that the board of trustees, in adopting the ordinance restricting the plaintiff's lots to residential purposes, clearly exceeded the bounds of legislative discretion, and that the ordinance in that respect was unconstitutional and void because "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Euclid v. Ambler Co.* 272 U. S. 365, 47 Sup. Ct. 114, 71 L. Ed. 303; *Zahn v. Board of Public Works,* 274 U. S. 325, 47 Sup. Ct. 594, 71 L. Ed. 1074; *Nectow v. Cambridge,* 277 U. S. 183, 48 Sup. Ct. 447, 72 L. Ed. 842.

*By the Court.*—Judgment affirmed.